# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br>                     Plaintiff, <br><br> v. <br><br> LBRY INC., <br>                     Defendant, <br><br> LBRY FOUNDATION INC., <br><br>                     Defendant-Intervenor. | 1:21-cv-260-PB <br><br> **MOTION TO INTERVENE** <br><br> **ORAL ARGUMENT REQUESTED** |

## MOTION TO INTERVENE

Proposed Intervenor, LBRY Foundation Inc. ("Foundation"), respectfully requests that this Court grant its intervention as defendant in this action as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), or, alternatively, through permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). As grounds in support thereof, the Foundation, through counsel, states as follows:

1. Defendant-Intevenor's motion to intervene is timely because the litigation is in its early stages. Plaintiff, the U.S. Securities and Exchange Commission ("SEC"), filed its complaint several weeks ago, on March 29, 2021, and Defendant, LBRY Inc. ("LBRY"), filed its answer on June 7, 2021. As a result, the Foundation's intervention will neither create any delay nor prejudice the existing parties.

2. The Foundation satisfies the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2). It has a substantial legal interest in the subject matter of the action because it involves claims asserted as to property, specifically LBC tokens, that the SEC asserts are

securities but that constitute property of the Foundation (and other LBC token-holders) and which have no value as securities but have independent value as digital assets that may be exchanged for valuable services.

3. The Foundation's interests are not adequately protected by the existing parties to the litigation. Because the SEC purports to represent the public interest and alleges that LBRY has engaged in "one continuous offering of securities in the form of LBC" (Complaint ¶ 24), its interests differ from those represented by the Foundation, who understood that it was acquiring and using digital assets and not securities.

4. Defendant LBRY cannot adequately represent the Foundation's interests. The company owes no duty to the Foundation. In addition, LBRY may interpose defenses or seek a settlement, to which the SEC might agree, which could result in an outcome, including potentially an injunction as sought by the SEC, that extinguishes the value of LBC while permitting LBRY to remain in business.

5. If the SEC succeeds in this litigation or LBRY agrees to an unfavorable settlement or fails to interpose defenses to the SEC's claims that the Foundation would assert, the Foundation's property interest in LBC tokens will be reduced to zero. Accordingly, if Defendant-Intervenor is not permitted to intervene to protect its interest, no current party adequately protects that interest and the Foundation's property interest in LBC could be taken without adequate due process.

6. Defendant-Intervenor also satisfies the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) because the Foundation's defenses against the SEC's claims share common questions of law and fact with the defenses of LBRY.

7. Pursuant to Local Rule 7.1(c), counsel for Defendant-Intervenor conferred in good faith with counsel for the parties to see if there was concurrence with regard to the Foundation intervening in the instant action. Counsel for the SEC refused to assent. Counsel for LBRY has not yet determined whether its client will oppose or assent to the Foundation's request and motion to intervene.

8. As further support for its motion, Defendant-Intervenor respectfully directs the Court's attention to its accompanying memorandum in support, which is attached hereto and incorporated herein by reference.

9. The Foundation believes that its position is meritorious and its arguments well-founded but, because the SEC does not assent, oral argument may assist the Court in addressing the Foundation's need to intervene and allow counsel to address any questions the Court may have.

Dated: July 2, 2021                                         Respectfully submitted,

                                              /s/ Simon R. Brown
Simon R. Brown (N.H. Bar No. 9279)
PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH, 03301 Tel: (603) 410-1500
Email: sbrown@preti.com

Adriaen M. Morse Jr. (*pro hac vice*)
Cory C. Kirchert (*pro hac vice*)
ARNALL GOLDEN GREGORY LLP
1775 Pennsylvania Avenue, NW, Suite 1000
Washington, DC 20006
(202) 677-4058
Email: adriaen.morse@agg.com
Email: cory.kirchert@agg.com

*Counsel for Proposed Defendant-Intervenor*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 2, 2021, I caused true and correct copies of the foregoing Motion to Intervene to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system as listed below.

Peter Moores, Esq.
Eric Forni, Esq.
Marc Jonathan Jones, Esq.
U.S. Securities and Exchange Commission
33 Arch Street
24th Floor
Boston, MA 02110

William E. Christie, Esq.
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302

              /s/ Simon R. Brown
              Simon R. Brown