UNITED STATE DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    v.

LBRY INC.,

        Defendant,

LBRY Foundation Inc.

        Defendant-Intervenor.

Civil Action No. 1:21-cv-00260-PB

## PROPOSED ANSWER OF DEFENDANT-INTERVENOR

Defendant-Intervenor, LBRY Foundation Inc. ("Foundation"), by its attorneys, answers the allegations of the Complaint of the Securities and Exchange Commission ("SEC") against LBRY Inc. ("LBRY") in this matter ("Complaint").

Captions in the Complaint alleging or characterizing facts or making legal conclusions and other allegations not specifically addressed are DENIED. Foundation answers the allegations contained in the Complaint's paragraphs as follows:

### SUMMARY

1. Paragraph 1 contains multiple allegations of fact and characterizations. Allegations that LBRY offered and sold securities is a legal conclusion and is DENIED. Allegations that LBRY did not register LBRY Credits ("LBCs") is ADMITTED. The allegation that LBRY told purchasers of LBCs that LBRY would use sales proceeds to construct "a digital content marketplace or network offering video and audio recordings, images, and other information ("LBRY Network")" is ADMITTED.

2. Paragraph 2 contains multiple allegations of fact and characterizations. The allegation that LBCs were offered and sold as "investment contracts and, therefore, securities" is a legal conclusion and is DENIED. The allegation that LBRY offered and sold LBCs for U.S. dollars, bitcoins, and other consideration such as non-monetary contributions to its enterprise is ADMITTED. The allegation that LBRY retained sales proceeds is ADMITTED. The meaning of the allegation that "the successes (or failures) of the LBC holders were inextricably intertwined with other holders of LBC, the largest of whom was LBRY itself" is UNCLEAR and is DENIED. The allegations regarding LBCs holders is UNKNOWN; the allegations that LBC holders "expected a return on their investment based on the entrepreneurial or managerial efforts of LBRY" is DENIED because (1) it assumes the holders' modes of, and purposes for acquisition of, LBCs; and (2) it disregards the fact that the scope of LBCs's utility and value also depended and depends on efforts of non-LBRY contributors.

3. Paragraph 3 contains multiple allegations of fact. Allegations that LBRY offered and sold LBCs to the public beginning in mid-2016 is ADMITTED. The allegations that LBRY used sales proceeds to continue development and construction of the LBRY Network is ADMITTED. Foundation lacks information sufficient to form a belief about specific amounts, prices, and dates of transactions involving LBCs, and allegations concerning this information are therefore DENIED.

4. Paragraph 4 contains multiple allegations of fact and characterizations. Allegations that LBRY offered to sell LBCs to certain purchasers at a discount to the secondary-market trading price are ADMITTED. The allegation venture capitalists purchased securities (convertible debt instruments) from LBRY in 2015 are ADMITTED.

5. Paragraph 5 contains multiple allegations of fact and characterizations. The allegation that LBRY sold LBCs from October 2017 through April 2018, to a "crypto club" in exchange for more than $250,000 is ADMITTED. Foundation lacks information sufficient to form a belief about a proposed sale of 2 million LBCs to another purchaser in lieu of selling stock or any "waiting period," and the allegations are DENIED.

6. Paragraph 6 contains multiple allegations of fact. The allegation that LBRY was the largest holder of LBC and expected to profit from any appreciation in the value of LBCs is ADMITTED. Foundation lacks information sufficient to form a belief about representations made to venture capital investors about the value of its product, LBCs, and these allegations are DENIED.

7. Paragraph 7 contains an allegations of fact and a conclusion of law. The allegation that LBRY did not register LBCs with the SEC is ADMITTED. The allegation that LBRY violated the Securities Act is a legal conclusion and is DENIED: LBC is not a "security" under the Securities Act.

8. Paragraph 8 identifies relief that the SEC seeks and does not require an answer. To the extent it implies legal entitlement to such relief, the assertions are DENIED.

## JURISDICTION AND VENUE

9. The allegations of Paragraph 9, which concerns jurisdiction, are ADMITTED.

10. The allegations of Paragraph 10, which concerns venue, are ADMITTED.

## THE DEFENDANT

11. The allegations of Paragraph 11 are ADMITTED.

## SECTION 5 OF THE SECURITIES ACT

12. The allegations of Paragraph 12 are ADMITTED.

13. The allegations of Paragraph 13 are ADMITTED.

## FACTS

**A. Background.**

14. The allegations of Paragraph 14 are ADMITTED.

15. Paragraph 15 contains multiple allegations of fact. The allegations that LBRY created a blockchain-enabled network that allows creators to publish digital content and consumers to explore and buy content using LBCs; that LBRY created software for the LBRY Application, which users may install locally on their computers or smartphones; that LBRY encouraged creators and producers to publish their content to the LBRY protocol; and that LBRY publicized the LBRY protocol so that users would access and use the product LBRY built are ADMITTED.

16. Paragraph 16 contains multiple allegations of fact and characterizations. Foundation lacks information sufficient to form a belief about LBRY's plans and objectives, and these allegations are DENIED. To the extent that the allegations concerning LBRY's March 2016 Web site quotation is accurate, they are ADMITTED.

17. The allegations of Paragraph 17 are ADMITTED.

18. The allegations of paragraph 18 are ADMITTED.

**B. LBRY Offered and Sold Securities.**

19. The allegation that LBRY offered LBCs from its Community Fund in exchange for contributions to the network, including to software testers and developers is ADMITTED.

20. The allegations of Paragraph 20 are ADMITTED.

21. Paragraph 21 contains multiple allegations of fact, including reasons for actions described. The allegations concerning LBRY's sales of (1) 1 million LBCs in July and August

4

2017 on the open market and (2) 5 million LBCs in November 2017 and December 2017 for about $1.6 million are ADMITTED. Foundation lacks information sufficient to form a belief about the reasoning for such sales, and such allegations are DENIED.

22. The allegations of Paragraph 22 are ADMITTED.

23. The allegations of Paragraph 23 are ADMITTED.

24. Paragraph 24 contains multiple legal conclusions. Allegations that LBCs are investment contracts and securities are DENIED.

25. Paragraph 25 contains multiple legal conclusions. Allegations that LBCs are investment contracts and securities are DENIED. The allegation that LBCs were exchanged for fiat and other currencies is ADMITTED.

 1. *Investment Contract First Prong: LBC Holders Invested Money.*

26. The allegations of Paragraph 26 are ADMITTED.

 2. *Investment Contract Second Prong: LBC Holders Invested in a Common Enterprise.*

27. The allegations of Paragraph 27 are legal conclusions and are DENIED. No "common enterprise," as federal courts have interpreted and defined that term, existed or exists. Holders of LBCs had no rights to LBRY's assets, including revenue or net income, as debtholders or shareholders of LBRY; the value of LBCs on a secondary market did not create a new and separate "enterprise" or "common enterprise," and it did not create "commonality."

28. The allegations of Paragraph 28 are unclear or misleading. The allegation that LBRY could or would "profit" from sales of its inventory of products—the LBCs—to a customer market is ADMITTED, but the allegation that holders of LBCs would "profit" rather than possibly realize gains on a secondary market is DENIED.

29. Paragraph 29 contains multiple allegations and a legal conclusion. The allegations

5

of LBRY's published statements, if accurate, are ADMITTED. The legal conclusion that a common enterprise existed and the allegation that LBRY "highlighted" its existence are DENIED.

### 3. *Investment Contract Third Prong: LBC Holders Reasonably Expected a Profit from LBRY's Efforts.*

30. Paragraph 30 contains multiple allegations of fact. The allegations concerning LBRY's statements, if accurate, are ADMITTED. Foundation lacks information sufficient to form a belief that LBRY's statements were intended to cause or succeeded in causing LBC holders "to believe" that LBRY's efforts would cause LBCs "to appreciate in value" and such allegations are DENIED.

31. Paragraph 31 contains multiple allegations of fact. The allegations concerning LBRY's statements, if accurate, are ADMITTED. Foundation lacks information sufficient to form a belief about LBRY's expectations of profitability or about expectations of "profitability" that LBRY created in others, and such allegations are DENIED.

**C.    LBRY Continues to Offer and Sell LBC.**

32. Paragraph 32 contains multiple allegations of fact. Foundation lacks information sufficient to form a belief about LBRY's financial condition and cash-flow needs and such allegations are DENIED. The remaining allegations of Paragraph 32 are ADMITTED.

33. The allegations of Paragraph 33 are ADMITTED.

34. Paragraph 34 contains multiple allegations of fact. Foundation lacks information sufficient to form a belief about what investors believed, reasonably or not, and the extent to which investors' beliefs were caused by LBRY's actions and statements, and such allegations are DENIED. The remaining allegations of Paragraph 34 are ADMITTED.

35. Paragraph 35 contains multiple allegations of fact. Foundation lacks information

sufficient to form a belief about what investors believed, reasonably or not, and the extent to which investors' beliefs were caused by LBRY's representations, and such allegations are DENIED. The remaining allegations of Paragraph 35 are ADMITTED.

36. Paragraph 36 contains multiple allegations of fact and characterizations. The characterization of holders of LBCs as "investors" and sales proceeds as "pooled" "capital" are misleading and are DENIED. The remaining allegations of Paragraph 36 are ADMITTED.

37. Paragraph 37 contains multiple allegations of fact. Foundation lacks information sufficient to form a belief about what readers believed, reasonably or not, and the extent to which readers' beliefs were caused by LBRY's representations, and such allegations are DENIED. The remaining allegations of Paragraph 37 are ADMITTED.

38. Paragraph 38 contains multiple allegations of fact and characterizations. The characterization of LBCs as "digital assets" and holders of LBCs as "investors" and sales proceeds as "pooled" "capital" are misleading and are DENIED. The remaining allegations of Paragraph 38 are ADMITTED.

39. Paragraph 39 contains multiple allegations of fact and characterizations. Foundation lacks sufficient knowledge or information to either admit or deny the allegations concerning trading of LBC and such allegations are therefore DENIED. The remaining allegations of Paragraph 39 are ADMITTED.

40. Paragraph 40 contains multiple allegations, characterizations, and legal conclusions. The characterization of LBCs as "securities," LBC holders as "investors," and LBC holdings as "investments" are misleading and DENIED. Allegations about the applicability and role of the registration provisions of the Securities Act to digital tokens are legal conclusions and are DENIED. The remaining allegations are ADMITTED.

**D.      LBRY Did Not Register its Offer and Sale of Securities.**

41.     The allegations of Paragraph 41 are ADMITTED.

42.     The allegations of Paragraph 42 are legal conclusions and are DENIED.

### FIRST CLAIM FOR RELIEF
### UNREGISTERED OFFERING OF SECURITIES
(Violations of Sections 5(a) and 5(c) of the Securities Act)

43.     The answers to Paragraphs 1 through 42 above are incorporated into this Paragraph 43 as if fully set forth herein.

44.     The allegations of Paragraph 44 are legal conclusions and are DENIED.

45.     The allegation of Paragraph 45 is a legal conclusion and is DENIED.

### PRAYER FOR RELIEF

The Prayer for Relief identifies relief that the SEC seeks and does not require an answer. To the extent it implies legal entitlement to such relief, the assertions are DENIED.

* * * * * * * *

As and for defenses, Foundation asserts the following:

### FIRST DEFENSE

46.     LBC was and is not an "investment contract" or any type of "security."

47.     LBCs are not fundamentally different from collectibles, such as digital trading cards, insofar as they are limited in number and holders can assign value to and trade them.

48.     The Securities Act does not give the SEC jurisdiction to regulate or intrude in transactions that do not involve a "security."

49.     None of the conditions of the federal securities law's definition of "investment contract" are or can be satisfied based on the SEC's allegations of fact.

50.     The LBC Network is not an "enterprise" and not a "common enterprise" under the

applicable federal case law that defines an "investment contract."

51. The LBC Network and LBRY are not an "enterprise" and, therefore, is not a "common enterprise" under the applicable federal case law that defines an "investment contract."

52. The LBC Network, LBRY, and LBC holders are not an "enterprise" and, therefore, do not comprise a "common enterprise" under the applicable federal case law that defines an "investment contract."

53. Under federal securities law, an "enterprise" is a separate for-profit business enterprise and an accounting entity, which may be a legal entity, that can and must (1) maintain books and records to account and record its transactions and events and (2) create financial statements, including but not limited to a statement of financial position and a statement of operations.

54. Under federal securities law, a "common enterprise" is an "enterprise" that holds "common" assets insofar as it is financed through the leasing or owning of assets, including land, equipment, and cash of one or more (1) managing enterprises or individuals or both and (2) non-managing enterprises or individuals or both.

55. Under the federal securities law, a "security," evidenced by a named or unnamed instrument or statement of account, is a unit of one or more interests in the *present and future assets of the business enterprise that created, offered, and delivered ("issued") it*, either by contract for value or by gift; the assets include the present and future *contributed capital* and *capital earned* through investments and operations; the interest(s) in the assets of the *issuing business enterprise*, whether a going concern or not, are created in part or in whole by contract or statute or both, and the value of the security is a function of one or more buyers' beliefs about the future profitability of the *issuing business enterprise*.

9

56. An LBC does not create and constitute a set of interests in the present or future assets of its producer, LBRY; it is, instead, a product of operations that exists independently of LBRY.

57. The existence or value of a "security" does not require or depend on the existence of a secondary market that trades such security; privately held companies issue securities that have no secondary market.

58. The value of a security is not and cannot be independent of the financial position and financial performance of the business enterprise that issued it. The value of an LBC is not a function of the performance of LBRY.

## SECOND DEFENSE

59. Beginning 2017, the SEC has re-interpreted and redefined the terms "investment contract" and "security," and has thereby formulated and implemented a new rule under 5 U.S.C. § 551(4) and a substantive rule of general applicability under 5 U.S.C. §552(a)(1)(D), and thereafter implemented this new rule against LBRY without having complied with the requirements of the Administrative Procedure Act, 5 U.S.C. §§ 551-559.

## THIRD DEFENSE

60. The Complaint fails to state a claim upon which any relief may be granted.

## PRAYER FOR RELIEF

Wherefore, Foundation respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice and grant such other and further relief as it may deem just and proper.

Dated: July 2, 2021                                   Respectfully submitted,

                                            LBRY Foundation Inc.

/s/ Simon R. Brown
Simon R. Brown (N.H. Bar No. 9279)
Preti, Flaherty, Beliveau & Pachios, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH 03301
(603) 410-1500
sbrown@preti.com


/s/ Cory C. Kirchert
Cory C. Kirchert (*pro hac vice*)
Adriaen M. Morse Jr. (*pro hac vice*)
Arnall Golden Gregory LLP
1775 Pennsylvania Ave., NW, Suite 1000
Washington, D.C. 20006
(202) 677-4058
cory.kirchert@agg.com
adriaen.morse@agg.com