UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>LBRY, INC.,<br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 21-cv-00260 |

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** June 21, 2021 (by video)

**COUNSEL PRESENT/REPRESENTING**:

- Marc Jones and Eric Forni; counsel for the Securities and Exchange Commission ("Commission").

- Keith Miller, Adam Schuman, William Christie, and John Dixon; counsel for LBRY, Inc. ("LBRY").

## CASE SUMMARY

**THEORY OF LIABILITY**: LBRY failed to register an offering of securities pursuant to Section 5 of the Securities Act of 1933 ("Securities Act").  Since 2016, LBRY has offered and sold millions of dollars' worth of securities to investors in the form of digital assets called LBRY Credits ("LBC"), without registering that securities offering.  LBC were offered and sold as investment contracts and, therefore, securities.

**THEORY OF DEFENSE**: LBRY sold LBC for consumptive use on its blockchain-enabled network (the "LBRY Protocol") which allows creators to publish digital content and consumers to explore and buy content using LBC.  Accordingly, LBC were not investment contracts and therefore not securities, so no registration was required.  Insofar as LBRY's sales of LBC are deemed to be securities, LBRY did not have fair notice of whether its sales of LBC constituted securities or investment contracts under the federal securities laws, and thus whether its conduct violated the law.  In addition, this action represents impermissible selective enforcement of the federal securities laws against LBRY as a "class of one" in violation of equal protection under the Fifth Amendment.

**DAMAGES**:  N/A

**DEMAND**:  October 7, 2021

**OFFER**:  October 7, 2021

**JURISDICTIONAL QUESTIONS**:  None.

**QUESTIONS OF LAW:**

The primary question of law presented in this case is whether LBC are a security.

The Commission believes that LBC are a security (and consequently that LBRY clearly offered and sold securities).  Under Section 2(a)(l) of the Securities Act, a security includes "an investment contract."  *See* 15 U.S.C. § 77b.  In *SEC v. W.J. Howey Company*, 328 U.S. 293, 298-99 (1946), the Supreme Court established a test to determine whether an instrument constitutes an investment contract and is therefore a security.  Courts evaluate whether the instrument involves: "(1) the investment of money (2) in a common enterprise (3) with an expectation of profits to be derived solely from the efforts of the promoter or a third party."  *SEC. v. SG Ltd.*, 265 F.3d 42, 46 (1st Cir. 2001) (citing *Howey*, 328 U.S. at 298-99); *see also United Housing Found., Inc. v. Forman*, 421 U.S. 837, 852-53 (1975) (The "touchstone" of an investment contract "is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."); *SEC v. Kik Interactive*, No. 19 Civ. 5244 (AKH), 2020 WL 5819770, at *5 (S.D.N.Y. Sept. 30, 2020) (granting SEC summary judgment on claim that digital asset was offered and sold as an investment contract based on the foregoing "flexible" principles); *SEC v. Telegram Grp., Inc.*, 448 F. Supp. 3d 352, 366 (S.D.N.Y. 2020) (granting preliminary injunction against distribution of digital asset security based on the foregoing principles, and rejecting focus on "label" given to asset).

Sections 5(a) and 5(c) of the Securities Act prohibit any person from selling a security through interstate commerce "[u]nless a registration statement is in effect as to [such] security," or from offering to sell or offering to buy a security, "unless a registration statement has been filed as to such security."  If LBC are a security, the Commission believes that the remaining elements of this charge are undisputed.  *See* Answer (Dkt. 13), ¶ 2 (p. 11, "…LBRY admits that it sold LBC in exchange for fiat or other currencies."); ¶7 (p. 13, "… LBRY admits that it did not register its sales of LBC with the SEC….").

The Commission believes that the Third and Fourth Affirmative Defenses described by the defendant, below, are legally and factually deficient and the Commission will move to resolve those defenses prior to trial.  The Commission filed a motion for judgment on the pleadings as to LBRY's Third Affirmative Defense, and as of August 16, 2021, the motion was fully briefed and submitted to the Court.

LBRY believes that its sales of LBC for consumptive use do not meet the elements of the investment-contract test, as users did not purchase LBC with an expectation of receiving profits solely from the efforts of others.  *See Foreman*, 421 U.S. at 858 (finding no securities transaction when one "purchases a commodity for personal consumption").  Because LBC were not offered or sold as investment contracts, LBC are not securities, and registration was not required.

Another question of law presented in this case is whether, insofar as LBC is a security, LBRY had reasonable and fair notice that its sales of LBC constituted sales of securities, and thus whether its conduct violated the law. "A law is unconstitutionally vague if it fails to give ordinary people fair notice of what is forbidden, or if it fails to give the designated enforcers (police, prosecutors, judges, and juries) explicit standards (thus creating a risk of arbitrary enforcement)." *United States v. Morosco*, 822 F.3d 1, 5 (1st Cir. 2016); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 498 (2000) ("Vague laws may trap the innocent by not providing fair warning," and "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them."). LBRY believes that the definition of "investment contract" as applied to LBC is unconstitutionally vague because it did not adequately cabin the SEC's discretion to apply it in violation of LBRY's due process rights.

Finally, an additional question of law in this case is whether the SEC's action is impermissible selective enforcement of the federal securities laws against LBRY as a "class of one" in violation of equal protection under the Fifth Amendment. Selective enforcement occurs when "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995). LBRY believes that the SEC has treated LBRY differently from other similarly situated blockchain companies with no rational basis for the difference in treatment and that the manner and circumstances under which the SEC has pursued its investigation and brought this action demonstrate that the selective treatment is based on a malicious or bad faith intent to injure LBRY. *See id.*; *Cordi-Allen v. Conlon*, 494 F.3d 245, 250 (1st Cir. 2007) (explaining government selectively enforces laws against a "class of one" when the person "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (quoting *Vill. of Willowbrook*, 528 U.S. at 564).

**TYPE OF TRIAL**: Jury.

## SCHEDULE

**TRACK ASSIGNMENT:**  STANDARD – 12 MONTHS

**TRIAL DATE:**  September 7, 2022

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  Not applicable.

**AMENDMENT OF PLEADINGS:**

   Plaintiff:  October 7, 2021        Defendant:     October 7, 2021

**JOINDER OF ADDITIONAL PARTIES**:  Not applicable, pursuant to 17 C.F.R. § 78u(g) ("… no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.")

**THIRD-PARTY ACTIONS**:  Not applicable, as above.

**MOTIONS TO DISMISS:**  Not applicable because the deadline to file motions to dismiss has passed.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

   Plaintiff:  February 4, 2021          Defendant:     February 4, 2021

   Supplementations under Rule 26(e)(2) due:      March 4, 2022

**COMPLETION OF DISCOVERY:**
   (1)  Date all discovery complete: March 4, 2022 (fact and expert discovery)

   (2)  Date for completion of discovery on issues for early discovery, if any.   N/A

**MOTIONS FOR SUMMARY JUDGMENT***:* April 4, 2022

**CHALLENGES TO EXPERT TESTIMONY:**  June 17, 2022

## DISCOVERY

**DISCOVERY NEEDED:**  The Commission intends to seek testimony and responses to written discovery requests from LBRY, including current and/or former employees and/or one or more 30(b)(6) witnesses.  The Commission may also seek third party discovery, including third party depositions, once it reviews LBRY's initial disclosures.  The Commission does not believe that it will need discovery beyond the default limits set forth in the Federal Rules of Civil Procedure.

The Commission believes that the defendant has not, and cannot, make the factual showing necessary to get discovery on its affirmative defense of selective enforcement. *See U.S. v. Armstrong*, 517 U.S. 456 (1996).  Moreover, the Commission believes that the defendant does not need discovery on its due process affirmative defense, as the notice at issue is a matter of information in the public domain and/or already known to the defendant. *See Morosco, 822* F.3d at 5 ("requisite fair warning can come from judicial decisions construing the law").

LBRY will require discovery regarding the Commission's investigative file relating to its investigation of LBRY; statements and guidance issued by the Commission, including its Staff and Commissioners, relating to the status of digital assets such as bitcoin, ether, and LBC under the federal securities laws; documents relating to the Commission's policies concerning digital asset-related enforcement actions; and the circumstances of the Commission's investigation of LBRY, including as compared to similarly situated blockchain-technology companies.  As discovery commences, LBRY may identify additional subjects which will require discovery.  LBRY does not believe that it will need discovery beyond the default limits set forth in the Federal Rules of Civil Procedure.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**  As of July 2, 2021, the parties have exchanged initial disclosures.

**INTERROGATORIES**:  A maximum of 25 interrogatories by each party to any  other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R.  Civ. P. 29.

**REQUESTS FOR ADMISSION:**  A maximum of 25 requests for admission by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** At this time, a maximum of 10 depositions of fact witnesses by plaintiff and 10 depositions of fact witnesses by defendant.  While the 10-deposition maximum is anticipated to be sufficient, defendant intends to call at trial dozens or more of LBRY users, content creators, and others who possess facts that run contrary to the allegations by plaintiff.  To the extent LBRY discloses "dozens or more of LBRY users, content creators, and others who [purportedly] possess facts that run contrary to the allegations by plaintiff," the Commission intends to seek leave of Court to expand the number of depositions to include likely trial witnesses disclosed by defendant.

To the extent either the plaintiff or defendant discloses an expert witness, the opposing party may depose the expert without such deposition counting towards its maximum of 10 depositions.  Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.  In the event the plaintiff and defendant notice the deposition of the same witness, each party can depose that witness for a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**  While the parties anticipate discovery of electronically stored information ("ESI"), the parties do not anticipate any disputes or issues arising from ESI discovery.  Indeed, LBRY has already preserved and produced a significant amount of ESI to the Commission during the course of the Commission's investigation.  To the extent the Commission seeks additional document discovery from LBRY, it will do so in a manner designed to avoid redundant requests for ESI.  Further, the Commission is prepared to copy any discoverable ESI in its possession, custody, and control onto a hard drive and provide a corresponding index for LBRY's review.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** At this time, the parties are not aware of the need for an order pursuant to Fed. R. Civ. P. 26(f).  The parties will re-assess promptly once discovery requests are served.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**  At this time, the parties believe that settlement is unlikely.  LBRY believes that settlement may be enhanced by ADR, and the Commission will consider whether ADR (specifically, mediation) will be fruitful once the Commission has a better sense of LBRY's defenses.

**JOINT STATEMENT RE: MEDIATION:**  December 10, 2021

**TRIAL ESTIMATE:**  10 days

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**  The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**  At this time, the parties are not aware of any other matters that should be brought to the court's attention including other orders that should be entered under Fed. R. Civ. P. 26(c) or 16(b) and (c).

Dated: August 30, 2021

**LBRY, INC.**

*/s/ William E. Christie*

William E. Christie
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 819-4231
wchristie@shaheengordon.com

Keith W. Miller (*pro hac vice*)
Adam H. Schuman (*pro hac vice*)
John T. Dixon (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
KeithMiller@perkinscoie.com
ASchuman@perkinscoie.com
JohnDixon@perkinscoie.com

*Attorneys for Defendant LBRY, Inc.*

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Peter B. Moores*
Eric. A. Forni (Mass. Bar No. 669685)
Marc Jones (Mass Bar No. 645910)
Peter B. Moores (Mass Bar No. 658033)
Senior Enforcement Counsel
Boston Regional Office
33 Arch Street
Boston, MA 02110