**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Securities and Exchange Commission

    v.                                              Case No. 21-cv-260-PB

LBRY, Inc.

**O R D E R**

On August 30, 2021, the parties submitted a proposed discovery plan. Doc. no. 33. The discovery plan is approved with the following changes:

| Scheduling Designation | Deadline |
|---|---|
| **Trial** | September 8, 2022 |
| **Demand** | October 7, 2021 |
| **Offer** | October 7, 2021 |
| **Amendment of Pleadings** | October 7, 2021 |
| **Expert Disclosures and Reports**[1] | February 4, 2022 |
| **Rule 26(e) Supplementations** | March 4, 2022 |
| **Completion of Discovery** | March 4, 2022 |
| **Motions for Summary Judgment** | April 4, 2022 |
| **Challenges to Expert Testimony** | June 17, 2022 |
| **Mandatory Disclosures**[2] | July 2, 2022 |

---

[1] The parties indicated deadlines in 2021 which have already passed for expert disclosures and reports, as well as mandatory disclosures. (Doc. No. 33). The court assumes this was in error and adjusts the dates accordingly.

[2] See supra n.1.

| | |
|---|---|
| **Interrogatories** | 25 by each party to any other party, with responses due 30 days after service. |
| **Requests for Admission** | 30 by each party to any other party, with responses due 30 days after service. |
| **Depositions** | 10 per party.  Each deposition limited to seven hours. |
| **Joint Statement Re: Mediation** | December 10, 2021 |

**Electronic Information Disclosures.**  The parties have indicated that while they do anticipate discovery of electronically stored information (ESI), they do not anticipate any disputes or issues arising out of ESI discovery.  Thus, the court will not require the parties to supplement their statement at this time.  Should disputes arise regarding the production of ESI, however, then the court may require that the parties submit a more formal agreement on ESI production, taking into consideration, among other things, the factors set out in Civil Form 2.[3]

**Completion of discovery.**  The parties are advised that the court considers the deadline for the completion of discovery to be a deadline by which discovery is to be completed – not a deadline by which discovery is to be served.  Propounding

---

[3] The parties are reminded that the court adopted a new template discovery plan as part of the December 1, 2019 amendments to the Local Rules.  The revised Civil Form 2 and ESI checklist can be found here: http://www.nhd.uscourts.gov/forms-0.

parties shall ensure that enough time remains in the discovery period for the recipient to provide its responses by that deadline.  Where Federal Rule of Civil Procedure 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the deadline, the recipient need not provide a response.

**Discovery disputes**.  Should discovery disputes arise in this case, prior to filing a motion to compel, the parties may request an informal conference.  The party or counsel seeking discovery-related relief should confer with opposing counsel, identify mutually available dates, and then contact the Deputy Clerk to schedule a conference with the court.  The court will inform the parties and counsel what written materials, if any, will be permitted in advance of the conference.  To the extent this informal process does not resolve the discovery dispute, the parties may file an appropriate motion.

**Status Conference**.  The parties shall file a joint statement on the status of discovery no later than 60 days prior to the close of discovery deadline.  The parties should indicate in that report whether they request a discovery status conference before the court.  If the parties request a conference, or if the court otherwise deems one necessary, then the Clerk's Office shall schedule a conference as soon as is practicable.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 7, 2021

cc: William E. Christie, Esq.
    Keith W. Miller, Esq.
    Adam H. Schuman, Esq.
    John T. Dixon, Esq.
    Peter B. Moores, Esq.
    Eric A. Forni, Esq.
    Marc Jones, Esq.