

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE                  :
COMMISSION,
                                         :
                    Plaintiff,
                                         :
        -against-                            Civil Action No. 1:21-cv-00260-PB
                                         :
LBRY, INC.,
                                         :
                    Defendant.
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANT LBRY, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 34, LBRY, Inc. ("LBRY") submits

the following Requests for Production of Documents to Plaintiff Securities and Exchange

Commission ("Plaintiff" or the "SEC").

## DEFINITIONS

1.      "Action" is defined as the civil action that the SEC filed in the U.S. District Court

for the District of New Hampshire on March 29, 2021, with the caption *Securities and Exchange*

*Commission v. LBRY, Inc.*, Case No. 1:21-cv-00260-PB.

2.      "Communication" means the transmittal of information (in the form of facts,

ideas, inquiries or otherwise).

3.      "Concerning" means relating to, referring to, describing, evidencing, or

constituting.

4.      "Digital Asset" is defined to be synonymous in meaning and equal in scope to the

usage of the term "digital asset" in the SEC's Complaint.

5.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "Government Entity" means any federal, state, or foreign government criminal, civil, or regulatory agency or authority, or any current or former officer, employee, or agent thereof.

7.      "Identify," when referring or relating to an individual, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

8.      "Identify," when referring or relating to a document, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

9.      "Identify," when used with respect to a fact or event, means to describe the fact or event with reasonable particularity, including any relevant dates; identify each person believed to have knowledge with respect to the fact or event; and identify each document that refers or relates to the fact or event.

10.     "Include" or "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest possible meaning.

11.     "Investigation" refers to the investigation that resulted in the filing of the Complaint, including the SEC investigation captioned *In the Matter of LBRY* (B-03221).

12.     "Person" means any natural person or any legal entity, including any business or governmental entity or association.

13.     The words "Plaintiff," "SEC," "You," or "Your" refer to the plaintiff in this Action.  This definition encompasses each of the Divisions and Offices of the SEC, including the Division of Enforcement, the Division of Corporation Finance, the Division of Trading and Markets, and the Division of Economic and Risk Analysis, and any current or former SEC Commissioner, staff member, officer, or employee.

14.     The term "Trading Platform" is defined to be synonymous in meaning and equal in scope to the usage of the term "digital asset trading platform" in the SEC's Complaint.

15.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

16.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

17.     The singular includes the plural and vice versa.

18.     The past tense includes the present tense where the clear meaning is not distorted by change of tense.

## **INSTRUCTIONS**

1.     You shall produce all responsive, non-privileged Documents, electronically stored information, and tangible things in Your possession, custody, or control at the law offices of Perkins Coie, LLP, 1155 Avenue of the Americas, 22nd Floor, New York, NY 10036-2711, within 30 days of the date of service of these Requests for Production.

2.     You shall produce all Documents in the manner in which they are maintained in the usual course of Your business, including in their native electronic format, or organized and labeled to correspond to each separately numbered request.  A request for a Document shall be

deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document, in addition to the Document itself.  Documents shall be produced in such a way as to identify the applicable file folder, custodian, and/or source from which each responsive Document came or was obtained.

3.      All documents that respond, in whole or in part, to any portion or clause of any paragraph of any of the requests shall be produced.

4.      All documents necessary for a correct understanding of a document responsive to any of the requests shall be produced with the responsive document.

5.      All objections shall be set forth with specificity and shall include a brief statement of the grounds for such objections.  An objection to any request must state whether any responsive materials are being withheld on the basis of that objection.

6.      If any document or tangible item requested herein was at one time in existence and under Your possession, custody or control but has been lost, discarded or destroyed or has been removed from Your possession, custody or control, with respect to each such document or other tangible item:

   a.   Identify and describe each such document or other tangible item by date, title, and type, nature or kind;

   b.   State when each such document or other tangible item was most recently in Your possession or subject to Your control and what disposition was made of such document or other tangible item, including an identification of the person, if any, presently in possession or control of such document or other tangible item;

    c.   State when such document or other tangible item was transferred or destroyed; identify the person who transferred or destroyed such document or other tangible item and the person(s) who authorized or directed that the document or other tangible item be transferred or destroyed; identify all persons having knowledge of such transfer or destruction; and state the reason such document or other tangible item was transferred or destroyed; and

    d.   Identify all persons having knowledge of the contents thereof.

7.     If any information that is otherwise responsive to these Requests is withheld by claiming that it is subject to the attorney client privilege or work product protection, set forth the grounds of the claim and, without revealing the contents or substance of the information at issue, describe its general character with sufficient specificity to enable an assessment of the applicability of the claim.

8.     To the extent that any information is withheld on grounds other than attorney client privilege or work product protection, set forth the factual and legal basis for such objections with sufficient specificity to enable an assessment of the applicability of the claim.

9.     To the extent Your response consists of material produced by LBRY to the SEC, do not reproduce such Documents or Communications, but indicate which Bates number(s) of the previously produced Documents or Communications are responsive to the applicable request.

10.    If You find any request or any term used in a request to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the request or term You find to be vague, ambiguous, subject to varying interpretations, or unclear, state Your understanding of the request or term, and respond in accordance with that understanding.

11.     The following requests shall be deemed to be continuing and, in the event You secure or discover any documents responsive to these requests after production of the documents requested herein, You shall provide such documents promptly to LBRY and, if appropriate, supplement Your responses hereto and/or Your list(s) of documents withheld on the grounds of privilege.

12.     Unless otherwise specified, the timeframe for these requests is January 1, 2015 through the present.

## **FIRST REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**  Your complete investigative file concerning the Investigation, including all subpoenas or other formal, informal or voluntary requests to provide Documents, testimony, or an interview, including Documents evidencing or memorializing the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom You gathered information in connection with the Investigation; all Documents received in response to any such requests, or otherwise obtained by You from third parties or third-party sources; all transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes and memos and witness statements; and Communications Concerning the Investigation.

**REQUEST FOR PRODUCTION NO. 2:**  To the extent not produced in response to the above Request, all Documents and Communications Concerning LBRY or the subject matter of the Investigation or the Action, including any notes, memoranda, or summaries Concerning LBRY, any formal, informal or voluntary requests by You for documents or information from any Person Concerning LBRY, and all Documents or Communications You received in response to such formal, informal or voluntary requests.

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications identified, quoted, or referenced in the Complaint, indicating the paragraph(s) of the Complaint to which each Document and Communication relates.

**REQUEST FOR PRODUCTION NO. 4:**  All Documents You contend support the allegations and claims made in the Complaint filed in this Action.

**REQUEST FOR PRODUCTION NO. 5:**  To the extent not produced in response to the above Requests, all Documents created, reviewed, considered, or relied upon by You in preparing the Complaint filed in this Action, including any computations or analyses prepared by You underlying any assertions in the Complaint.

**REQUEST FOR PRODUCTION NO. 6:** All Documents that tend to contradict, disprove, refute or undercut Your allegations and claims made in the Complaint filed in this Action.

**REQUEST FOR PRODUCTION NO. 7:**  To the extent not produced in response to the above Requests, all Documents and Communications Concerning any Person or entity's acts or intentions to trade, hold, maintain custody of or deal in LBC, or otherwise use LBC for any purpose.

**REQUEST FOR PRODUCTION NO. 8:**  All Documents and Communications Concerning the trading of LBC on Trading Platforms, including any summary, compilation, or analysis thereof.

**REQUEST FOR PRODUCTION NO. 9:**  All Documents and Communications Concerning user activity on the LBRY Protocol, such as the number of users or amount of LBC used in connection with the LBRY Protocol, including any summary, compilation, or analysis thereof. The term "LBRY Protocol" for purposes of this Request shall have the same meaning as that term is used in the SEC's Complaint.

**REQUEST FOR PRODUCTION NO. 10:**  To the extent not produced in response to the above Requests, all Documents memorializing, evidencing, or Concerning any Communication You had with any Government Entity relating to the allegations in the Complaint.

**REQUEST FOR PRODUCTION NO. 11**:  All Documents memorializing, evidencing, or Concerning any Communications You had with the Commodities Futures Trading Commission, the Financial Crimes Enforcement Network, or any other Government Entity relating to the regulation of Digital Assets, cryptocurrency, or tokens.

**REQUEST FOR PRODUCTION NO. 12:**  To the extent not produced in response to the above Requests, all Documents and Communications Concerning LBRY's financial condition, liquidity or solvency, including Communications Concerning financial implications for LBRY of the Investigation or the Action.

**REQUEST FOR PRODUCTION NO. 13:**  All Documents Concerning the July 25, 2017 Investor Bulletin released by the SEC titled, "Investor Bulletin: Initial Coin Offerings," including drafts of the Investor Bulletin and internal Communications, analyses, and other materials that were prepared or relied upon in connection with preparing the Investor Bulletin.

**REQUEST FOR PRODUCTION NO. 14:**  All Documents Concerning the December 11, 2017, public statement by former SEC Chairman Jay Clayton ("Clayton") titled, "Statement on Cryptocurrencies and Initial Coin Offerings," in which Clayton stated that he had "asked the SEC's Division of Enforcement to continue to police this area vigorously and recommend enforcement actions against those that conduct initial coin offerings in violation of the federal

securities laws," including drafts of Clayton's public statement and internal Communications, analyses, and other materials that were prepared or relied upon by Clayton.

**REQUEST FOR PRODUCTION NO. 15:**  To the extent not produced in response to the above Requests, all Documents and Communications Concerning any internal directive, instruction, order, policy, memorandum, or guidance Concerning investigations or enforcement actions by the SEC's Division of Enforcement against Persons who have offered or sold Digital Assets in initial coin offerings.

**REQUEST FOR PRODUCTION NO. 16:**  To the extent not produced in response to the above Requests, all Documents and Communications Concerning any internal directive, instruction, order, policy, memorandum, or guidance Concerning investigations or enforcement actions by the SEC's Division of Enforcement against Persons who have offered or sold Digital Assets in the absence of an initial coin offering or fraud.

**REQUEST FOR PRODUCTION NO. 17:**  All Documents Concerning the June 14, 2018, statements by former SEC Director of the Division of Corporation Finance William Hinman ("Hinman") regarding initial coin offerings, including drafts of Hinman's speech and internal Communications, analyses, and other materials that were prepared or relied upon by Hinman.

**REQUEST FOR PRODUCTION NO. 18:**  All Documents and Communications Concerning the status of Bitcoin or Ether under the federal securities laws.

**REQUEST FOR PRODUCTION NO. 19:**  To the extent not produced in response to the above Requests, all Documents and Communications Concerning the status of LBC under the federal securities laws.

**REQUEST FOR PRODUCTION NO. 20:**  All policies or guidelines Concerning SEC employees' purchase, sale, or trading of Digital Assets.

**REQUEST FOR PRODUCTION NO. 21:**  All Documents and Communications Concerning any requests by SEC employees for preclearance, permission, or other guidance Concerning any purchase, sale, or trade of Digital Assets, including the responses to such requests.

**REQUEST FOR PRODUCTION NO. 22:**  All Documents Concerning the March 15, 2021 statements by SEC Commissioner Hester M. Peirce ("Peirce"), in a speech titled "Paper, Plastic, Peer-to-Peer," regarding guidance relating to whether digital assets are securities, including drafts of Peirce's statement and internal Communications, analyses, and other materials that were prepared or relied upon by Peirce.

**REQUEST FOR PRODUCTION NO. 23:** All Documents Concerning the April 13, 2021, statement by Commissioner Peirce regarding her "Token Safe Harbor Proposal 2.0," including drafts of Peirce's statement and internal Communications, analyses, and other materials that were prepared or relied upon by Peirce.

**REQUEST FOR PRODUCTION NO. 24:** All Documents Concerning the July 14, 2021, public statement by Commissioner Peirce and Commissioner Elad L. Roisman ("Roisman") titled "In the Matter of Coinschedule," including drafts of the public statement and internal Communications, analyses, and other materials that were prepared or relied upon by Peirce and Roisman.

**REQUEST FOR PRODUCTION NO. 25:** Documents sufficient to identify every transaction in LBC You contend is a part of the "offering" referenced in Paragraph 24 of the Complaint.

**REQUEST FOR PRODUCTION NO. 26:** All Documents You intend to rely upon for any purpose, or introduce as evidence, at trial or at any hearing in this Action.

**REQUEST FOR PRODUCTION NO. 27:** The personnel file of Peter Bryan Moores, including but not limited to all performance reviews and all complaints or grievances Concerning Mr. Moores.

Dated: New York, New York.
        September 14, 2021

                       LBRY, INC.

                       */s/ Keith W. Miller*
                       William E. Christie
                       Shaheen & Gordon, P.A.
                       107 Storrs Street
                       P.O. Box 2703
                       Concord, NH 03302
                       (603) 819-4231
                       wchristie@shaheengordon.com

                       Keith W. Miller (*pro hac vice*)
                       Adam H. Schuman (*pro hac vice*)
                       John T. Dixon (*pro hac vice*)
                       Perkins Coie LLP
                       1155 Avenue of the Americas, 22nd Floor
                       New York, New York 10036-2711

(212) 262-6900
KeithMiller@perkinscoie.com
ASchuman@perkinscoie.com
JohnDixon@perkinscoie.com

*Attorneys for Defendant LBRY, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing First Request for Production of Documents to Plaintiff Securities and Exchange Commission was served upon all counsel of record via e-mail on September 14, 2021.

*/s/ John T. Dixon*
John T. Dixon
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
JohnDixon@perkinscoie.com