UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> LBRY, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 21-cv-00260 |

## COMMISSION'S REPLY TO DEFENDANT LBRY, INC.'S OBJECTION TO COMMISSION'S MOTION TO QUASH

LBRY's objection to the Commission's motion to quash is flawed because (1) Director Hinman is, in fact, a senior government official and his deposition is subject to the *Morgan* Doctrine; (2) under the *Morgan* Doctrine, LBRY must demonstrate *extraordinary circumstances* that warrant deposing Director Hinman; and (3) LBRY cannot demonstrate extraordinary circumstances because, among other reasons, its fair notice defense necessarily rests on information available to LBRY during its offering, not non-public information residing in Director Hinman's mind.

### I.  LBRY's Claim that "Former Director Hinman Is Not and Was Not a High-Ranking Official" is Wrong.

LBRY's threshold argument is that the *Morgan* Doctrine does not apply here because it claims that Director Hinman is not a high-ranking official. LBRY miscasts Hinman as "mid-level." Dkt. No. 40 ("Obj.") at 7. Yet, LBRY concedes that Hinman reported only to the "SEC's Chairman" and directed an entire division at the SEC. *Id.* at 6. Director Hinman was thus not "mid-level"; he was at the apex of the agency. By suggesting otherwise, LBRY ignores the precedent relied on in the only case LBRY cites in support of this argument. In *Comm. on Ways*

*& Means*, cited by LBRY, the court cited a string of cases that applied the *Morgan* Doctrine to preclude depositions of officials who were not the highest ranking persons at their respective agencies. 161 F. Supp. 3d 199, 250 (S.D.N.Y. 2015). Officials included a deputy attorney general, an attorney at the U.S. Dept. of Labor, a deputy mayor, a chief-of-staff of a Congressman, a regional administrator at OSHA, and an area director at OSHA. *Id.* If these officials were at the "apex" of their organizations, then so was Director Hinman. LBRY cites no case in which the court found that a Division director was not a high-ranking official. *Compare SEC v. Navellier & Assocs.*, Inc., No. 1:17-cv-11633 (D. Mass. May 31, 2019) (applying *Morgan* Doctrine to Director of the SEC's Division of Enforcement—a parallel division to Corp. Fin.). As a result, the Court must apply the *Morgan* Doctrine to the Commission's motion to quash.

## II. Because the *Morgan* Doctrine Applies, LBRY's Proffered Motion to Quash Standard is Inapplicable.

LBRY argues that the SEC has a "particularly heavy" burden to quash Director Hinman's subpoena. But the cases cited by LBRY for this proposition do not apply the *Morgan* Doctrine. *See* Obj. at 10. In cases involving high-ranking government officials like Director Hinman, the burden shifts to the issuer of the subpoena – LBRY – to demonstrate "extraordinary circumstances" before the deposition is allowed. *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *Bogan*, 489 F.3d 417, 423 (1st Cir. 2007).

## III. LBRY Has Not Shown "Extraordinary Circumstances."

To establish "extraordinary circumstances," LBRY has to establish at least two critical predicates: (1) Director Hinman personally and uniquely possesses the sought-after information; and (2) the information is of particular relevance and import and otherwise discoverable. In its opposition, LBRY accepts Director Hinman's sworn declaration that Director Hinman knows nothing about LBRY's offering, LBRY itself, or LBRY's token (LBC). *See* Hinman Decl. ¶¶5-

8.[1]  This leaves LBRY grasping for information that is not relevant, not uniquely held by Director Hinman, and not discoverable because of the various privileges that attach.[2]

Director Hinman's deposition will not yield information relevant to LBRY's "Fair Notice" defense.  In its objection, LBRY identifies three topics on which it wants to question Director Hinman:  (1) the circumstances and rationale for Director Hinman's speech; (2) communications with third parties in the blockchain industry; and (3) whether Director Hinman's speech in fact represented official agency guidance.  None of those topics are relevant to this Court's eventual determination about whether the phrase "investment contract" from the Securities Act of 1933 is unconstitutionally vague as applied to LBRY's offering.  In an as-applied inquiry, the Court should focus on the language of the statute, precedent construing the statute, and the facts of LBRY's offering.  The Court would not consider facts about other offerings by blockchain companies or information not publicly known.

A statute is impermissibly vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) (construing a criminal statute).  When considering whether a statute is vague as applied, the reviewing court only looks to the language of the statute and the particular facts of the party challenging the statute.  *Id.* at 19.[3]  A defendant "who engages in some conduct that is clearly

---

[1] LBRY posits that Director Hinman's speech is relevant to the "ultimate" question: this Court's application of the *Howey* test to LBRY's offering.  But with no knowledge of LBRY's offering, Director Hinman cannot testify to whether investors paid money; assets were pooled; or investors reasonably expected profits from LBRY's efforts.
[2] LBRY seeks to elicit from Director Hinman how his speech "fits into" what LBRY calls the SEC's development of meaningful guidance to issuers offering digital assets.  *See* Obj. at 9.  As discussed in the Commission's opening brief, that inquiry into the SEC's internal discussions and policy development would be protected by privilege.  In assessing whether the extraordinary circumstances standard has been met, the Court should weigh whether the testimony is likely protected by privilege and thus unavailable.
[3] LBRY is not challenging the vagueness of a Commission regulation and so cases LBRY cites about an agency's interpretation or internal uncertainty are inapplicable here where a Congressional statute is challenged.

3

proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Id.* (citations and quotations omitted). "What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008). "Clarity … may be supplied by judicial gloss on an otherwise uncertain statute." *U.S. v. Lanier*, 520 U.S. 259, 266 (1997). The Supreme Court construed the phrase "investment contract" from Section 2 of the Securities Act 85 years ago in *SEC v. W.J. Howey Co.*, creating the objective *Howey* test.

Despite LBRY's unsupported argument otherwise, whether "investment contract" is impermissibly vague is an "objective inquiry." *Copeland v. Vance*, 893 F.3d 101, 114 (2d Cir. 2018) (as-applied challenge).[4] This Court need not consider subjective information showing whether LBRY "actually received a warning that alerted him or her to the danger of being held to account for the behavior in question." *Id.* The subjective mental states of other issuers and whether they sought SEC guidance about their offerings is similarly irrelevant to this inquiry.

LBRY's contention that the Court needs the "testimony from an SEC official tasked shaping, applying and communicating the SEC's policies concerning crypto assets" to determine whether the *Howey* test provided an ordinary business of reasonable intelligence notice is wrong. The Commission has not suggested the *Howey* test fails to objectively define "investment contract." To the contrary, in its 2017 DAO report, the Commission applied the *Howey* test to determine whether the token sale constituted an offering of securities. In his speech, Director Hinman said the *Howey* test controls the analysis whether a digital asset promoter offered an

---

[4] In *Frese v. MacDonald*, the court was presented with both a facial and an as-applied challenge. 512 F. Supp. 3d 273, 296 (D.N.H. 2021). The court's reasoning that the inquiry is objective equally applies to facial and as applied challenges. *Id.* at 292-93.

investment contract. This Court can and will determine whether the term "investment contract" is unconstitutionally vague without evidence of internal discussions at the Commission or the personal musings of Director Hinman. Thus, LBRY's proposed "topics" show that it seeks discovery on information that does not affect its fair notice defense.

LBRY admits that it wants to question Director Hinman about "[t]he circumstances and rationale for the speech." But, Director Hinman's views have no bearing on whether LBRY was afforded fair notice about the application of *Howey* to its offering. LBRY's request to depose Director Hinman about "[c]ommunications with third parties in the blockchain industry" seeks irrelevant information. *See FERC v. Silkman*, 177 F. Supp. 3d 683, 703 (D. Mass. 2016) ("when applying the void-for-vagueness doctrine outside of the First Amendment context, the relevant inquiry is whether a statute is vague as applied to the particular facts at issue *for a defendant*" (emphasis added)). And LBRY says that it wants to ask about "[w]hether Mr. Hinman's speech in fact represented official agency guidance." It did not.[5] *See* Hinman Decl. ¶9.

## CONCLUSION

For the foregoing reasons, the Court should GRANT the motion to quash the subpoena.

---

[5] LBRY nonetheless claims that the speech's status is "disputed." But, Chairman's Clayton comment in his letter that "the Commission has ben transparent with the criteria used to determine whether a digital asset is offered or sold as an investment contract" is merely a reference to the *Howey* test, which Director Hinman analyzed at length during his speech.

Dated:  November 29, 2021

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/* Eric A. Forni
Eric A. Forni (Mass. Bar No. 669685)
Peter B. Moores (Mass Bar No. 658033)
Marc Jones (Mass Bar No. 645910)
Senior Enforcement Counsel
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-8827 (Forni direct)
fornie@sec.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 29, 2021, I caused true and correct copies of the foregoing to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

*/s/* Eric A. Forni
Eric A. Forni