UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------- X
SECURITIES AND EXCHANGE        :
COMMISSION,
                               :
         Plaintiff,
                               :
    -against-                        Civil Action No. 1:21-cv-00260-PB
                               :
LBRY, INC.,
                               :
         Defendant.
------------------------------------- X

## DEFENDANT LBRY, INC.'S ASSENTED-TO MOTION FOR PROTECTIVE ORDER

Defendant LBRY, Inc. ("LBRY"), by its attorneys, hereby respectfully requests that the Court enter the proposed Protective Order, attached hereto as **Exhibit A**, and in support thereof states as follows:

1. In the course of discovery, parties have requested disclosure of confidential information from each other and from various third-parties. The parties have agreed to and request that the Court enter a Protective Order permitting the parties (and non-parties if applicable) to designate documents and materials as confidential and to subject those documents and materials to certain protections as set forth in the Protective Order.

2. The parties have agreed to the Protective Order submitted with this Motion.

3. Pursuant to Local Rule 26.2, the proposed Protective Order conforms substantially to Civil Form 5, with the following alterations:

- Several of the paragraphs have been rearranged due to the addition of the highly confidential designation explained further below, but unless otherwise noted, the terms of the Protective Order remain unaltered. In particular, the paragraphs

155556059.1

comparable to Civil Form 5's ¶ 2 (Form and Timing of Designation), ¶ 3 (Documents Which May be Designated Confidential), and ¶ 5 (Depositions) have been placed after the paragraph comparable to Civil Form 5's ¶ 6 (Protection of Confidential Material).  For reference, a redline comparison of Civil Form 5 and the parties' proposed Protective Order is attached hereto as **Exhibit B**.

- Throughout the Protective Order, documents produced in the course of discovery are referred to as "Discovery Materials" as opposed to "documents."

- Throughout the Protective Order, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" has been replaced with "CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER."  Unlike under Civil Form 5, the Protective Order's provisions by which filing parties and non-filing parties may move to file documents under seal do not apply to documents designated "CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER."

- A second confidentiality tier has been added by which certain documents may be labeled "HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER."  The Protective Order's provisions by which filing parties and non-filing parties may move to file documents under seal apply to documents designated "HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER."

- In ¶ 1, "subpoenas" was added indicating that the Protective Order also applies to documents produced in response to subpoenas.

- In ¶ 2, language has been added indicating that documents publicly available (excluding documents filed by either party with this Court) are not subject to the Protective Order.

- In ¶ 3, "Protection of Confidential Material" has been replaced with "Protection of Discovery Materials."

- In ¶ 3(a), language has been added indicating that Discovery Materials shall not be used or disclosed by any persons identified in ¶ 3(b) "for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof, except as required by legal process, regulation, or statute."

- In ¶ 3(b), language has been added indicating that "interpreters," "witnesses or prospective witnesses," "translators," "governmental entities," and "[t]his Court" may be allowed to review Discovery Materials.

- In ¶ 3(b), language has been added indicating that court reporters, recorders, and interpreters who are engaged in hearings or trial (in addition to depositions) may be allowed to review Discovery Materials.

- In ¶ 5, language has been added indicating that in addition to producing persons, any testifying person has the ability to designate Discovery Materials as being highly confidential.

- In ¶ 5, "party appearing pro se" has been removed, as there are no pro se parties in this case.

- In ¶ 5, language has been added indicating that Discovery Materials may be designated as highly confidential if an attorney has determined that the Discovery Materials should be protected from disclosure as highly sensitive and confidential commercial information if the materials disclosed by a party are "reasonably likely to cause the designating person tangible commercial harm."

- In ¶ 7, language has been added indicating that deposition transcripts and recordings are considered protected and confidential Discovery Materials.

- In ¶ 7, language has been added indicating that whole deposition transcripts cannot be labeled highly confidential. Only specific portions of deposition transcripts may be designated as such.

- In ¶ 7, language has been removed setting forth a time limit regarding the length of time that Discovery Materials will continue to be considered highly confidential.

- In ¶ 7, language has been removed indicating that the failure to serve a Notice of Designation shall waive the confidential designation given to specific documents made on the record of the deposition.

- The provision in Civil Form 5's ¶ 12(b) regarding the return or destruction of confidential documents has been removed because federal records law requires Plaintiff Securities and Exchange Commission to retain records, including litigation documents.

- An "Attachment A" has been added containing an "Acknowledgement of Understanding and Agreement to be Bound," which certain third parties must execute prior to receiving Discovery Materials.

4. Pursuant to Local Rule 7.1(c), all parties to this action, through their counsel have assented to the request for relief set forth in this motion.

5. Pursuant to Local Rule 7.1(a)(2), no memorandum of law is necessary because the relief requested herein is within the sound discretion of the Court.

WHEREFORE, LBRY respectfully requests that this Honorable Court:

A. Grant this Assented-To Motion for Protective Order;

B.      Enter the Protective Order attached hereto as Exhibit A; and

C.      Grant such other relief as the Court deems just.

Dated: January 21, 2022

          Respectfully submitted,

          LBRY, INC.

          */s/ William E. Christie*
          William E. Christie, #11255
          Shaheen & Gordon, P.A.
          107 Storrs Street
          P.O. Box 2703
          Concord, NH 03302
          (603) 819-4231
          wchristie@shaheengordon.com

          Keith W. Miller (*pro hac vice*)
          Rachel S. Mechanic (*pro hac vice*)
          John T. Dixon (*pro hac vice*)
          Perkins Coie LLP
          1155 Avenue of the Americas, 22nd Floor
          New York, New York 10036-2711
          (212) 262-6900
          KeithMiller@perkinscoie.com
          RMechanic@perkinscoie.com
          JohnDixon@perkinscoie.com

          *Attorneys for Defendant LBRY, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: January 21, 2022          */s/ William E. Christie*
                                               William E. Christie