UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------- X
SECURITIES AND EXCHANGE            :
COMMISSION,
                                   :
         Plaintiff,
                                   :
   -against-                          Civil Action No. 1:21-cv-00260-PB
                                   :
LBRY, INC.,
                                   :
         Defendant.
------------------------------------- X

**PROTECTIVE ORDER**

Defendant LBRY, Inc. and Plaintiff Securities and Exchange Commission (each of the foregoing, a "party" and, collectively, the "parties") have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

1. <u>Scope</u>. All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests and subpoenas, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "Discovery Materials"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Notwithstanding Paragraph 1 above, any document or information that is otherwise publicly available, including without limitation any document that is publicly filed with a regulatory entity such as the Commission, or any court (not including documents filed by either party with this Court) is not subject to this Order.

3. <u>Protection of Discovery Materials</u>.

    a. <u>General Protections</u>. Discovery Materials are confidential and protected by this Order. Under this order, Discovery Materials shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 3.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof, except as required by legal process, regulation, or statute.

    b. <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any Discovery Materials to any third person or entity except as set forth in subparagraphs i–viii. Subject to these requirements, the following categories of persons may be allowed to review Discovery Materials:

        i. <u>Counsel</u>. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

        ii. <u>Parties</u>. Parties and employees of or contractors for a party to this Order;

        iii. <u>Court Reporters and Recorders</u>. Court reporters, recorders, and interpreters engaged for depositions, hearings, or trial;

        iv. <u>Witnesses</u>. Witnesses or prospective witnesses (either for testimony or an interview) may be shown or provided Discovery Materials in connection with questioning or preparing the witness;

        v. <u>Consultants and Experts</u>. Consultants, investigators, translators, or experts (hereinafter referred to collectively as "Experts") employed

by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

vi. <u>Governmental Entities</u>.  Governmental entities in a manner consistent with the Commission's duties and authorities, including, but not limited, those delineated in the Commission's Form 1662 (available here:  https://www.sec.gov/about/forms/sec1662.pdf);

vii. <u>This Court</u>; and

viii. <u>Others by Consent or Court Order</u>. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. <u>Control of Documents</u>.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of Discovery Materials.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

4. <u>Form and Timing of Additional Designation</u>.  A producing person may designate Discovery Materials as highly confidential with heightened restrictions for disclosure under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of

the document and that will permit complete removal of the HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation. Discovery Materials shall be designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER prior to or at the time of the production or disclosure of the Discovery Materials. The designation "HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER" does not mean that the Discovery Materials have any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

5. <u>Discovery Materials Which May be Designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER</u>. Any producing or testifying person may designate Discovery Materials as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER but only after review of the Discovery Materials by an attorney who has in good faith determined that the Discovery Materials contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or highly sensitive and confidential commercial information which if disclosed by a party is reasonably likely to cause the designating person tangible commercial harm. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER.

6. <u>Copies of Highly Confidential Discovery Materials</u>. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of Discovery Materials designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER under this Order, or any individual portion of such Discovery Material, shall be affixed with the designation "HIGHLY

CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of Discovery Materials provided these indices, electronic databases or lists do not contain substantial portions or images of the text of highly confidential Discovery Materials or otherwise disclose the substance of the highly confidential information contained in those Discovery Materials.

7. <u>Depositions</u>. Deposition transcripts and recordings are protected and confidential Discovery Materials. Deposition testimony shall be deemed HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER only if designated by the witness or their counsel as such, and only if the deposition testimony meets the standards articulated in paragraph 5 of this order. Such designation shall be specific as to the portions to be designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, and may not be applied to a deposition transcript as a whole. Within 30 days after delivery of the transcript, a witness or their counsel may serve a Notice of Designation to all parties of record as to specific lines of the transcript (or timestamps of a recording) to be designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER pending objection under the terms of this Order.

8. <u>Filing HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER Discovery Materials with the Court</u>.

    a. <u>Filing Party's Highly Confidential Discovery Materials</u>. In the event that a party seeks to file, or reference in any filing, Discovery Materials that the filing party designated as HIGHLY CONFIDENTIAL, PROTECTED BY

PROTECTIVE ORDER under this Protective Order and the filing party seeks to maintain the high confidentiality of such Discovery Material, the filing party must comply with LR 83.12 and AP 3.3 for filing the highly confidential document under seal.

b. <u>Non-Filing Person's Highly Confidential Discovery Materials</u>. In the event that the filing party seeks to file, or reference in any filing, Discovery Materials that a non-filing person designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER under this Protective Order, the filing party shall first consult with the non-filing person to determine whether the non-filing person consents to filing the Discovery Materials in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party shall prepare two versions of the filings, a public and a highly confidential version. The public version shall contain a redaction of references to HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER Discovery Materials and shall be filed with the court. The highly confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to LR 83.12 and AP 3.3 indicating that the non-filing person seeks to maintain the high confidentiality of the redacted material. The person seeking to maintain the highly confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) and AP 3.3 within three (3) business days of the filing.

       Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

  9. <u>No Greater Protection of Specific Documents</u>. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

  10. <u>Challenges by a Party to Designation as Highly Confidential</u>. Any HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation is subject to challenge by any party or non-party. The following procedure shall apply to any such challenge.

    a. <u>Objection to Highly Confidential Designation</u>. Within thirty (30) days of the receipt of any Discovery Material designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER or of the refusal to produce Discovery Materials on the ground of such designation, a party may serve upon the designating person an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each Discovery Material or category of Discovery Materials. HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER Discovery Materials to which an objection has been made shall remain HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

    b. <u>Obligation to Meet and Confer</u>. The objecting party and the person who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good

7

faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation as to any Discovery Materials subject to the objection, the designating party shall serve on all parties a notice specifying the Discovery Materials and the nature of the agreement.

    c.    <u>Obligation to File Motion</u>. If the parties cannot reach agreement as to any Discovery Materials designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, for the purpose of discovery, the designating person shall file with the court within thirty (30) days of the service of the objection a motion to retain the HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation. The moving person has the burden to show good cause for the HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation. The failure to file the motion waives the HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation of Discovery Materials to which an objection was made.

11.    <u>Court Not Bound By Persons' Designation</u>. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of Discovery Materials produced in discovery, filed with the court, or used during any hearing or at trial.

12.    <u>Use of Highly Confidential Documents or Information at Hearing or Trial</u>. A party who intends to present or anticipates that another party may present at any hearing or at trial HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER Discovery Materials or

8

information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such Discovery Materials or information at a hearing or trial.

    13.     <u>Obligations on Conclusion of Litigation</u>.

        a.     <u>Order Remains in Effect</u>.  Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal.  Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

        b.     <u>Deletion of Discovery Materials Filed under Seal from ECF System</u>. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

    14.     <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

    15.     <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any Discovery Material or information designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific Discovery Material or issue.

16. <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO STIPULATED AND AGREED**

*/s/ Peter B. Moores*
Eric. A. Forni (Mass. Bar No. 669685)
Marc Jones (Mass Bar No. 645910)
Peter B. Moores (Mass Bar No. 658033)
Senior Enforcement Counsel
Boston Regional Office
33 Arch Street
Boston, MA  02110

*Attorneys for Plaintiff Securities and Exchange Commission*

*/s/ William E. Christie*
William E. Christie
Timothy J. McLaughlin
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 819-4231
wchristie@shaheengordon.com
tmclaughlin@shaheengordon.com

*/s/ Keith W. Miller*
Keith W. Miller (*pro hac vice*)
Rachel M. Mechanic (*pro hac vice*)
John T. Dixon (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
KeithMiller@perkinscoie.com
RMechanic@perkinscoie.com
JohnDixon@perkinscoie.com

*Attorneys for Defendant LBRY, Inc.*

**SO ORDERED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| -against- | : Civil Action No. 1:21-cv-00260-PB |
| LBRY, INC., | : |
| Defendant. | : |

---

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings, including those that have been designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, as defined therein. I will not disclose such Discovery Materials, including those designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the action, I will return all Discovery Materials designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER to the party or attorney from whom I received them.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of New Hampshire for the purpose of any issue or dispute arising hereunder and my willful violation of any terms of the Protective Order could subject me to punishment for contempt of court.

155598781.1

Dated: _____           _____
                                       Name:
                                       Title:

2