~~Civil Form 5, Protective Order Form~~

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

~~Plaintiff(s)~~

_____
~~v.~~
_____
                                            ~~Civil No. *Case* #/Judge Initials~~

~~Defendant(s)~~

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SECURITIES AND EXCHANGE             :
COMMISSION,
                                    :
            Plaintiff,
                                    :
        -against-                       Civil Action No. 1:21-cv-00260-PB
                                    :
LBRY, INC.,
                                    :
            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PROTECTIVE ORDER**

~~*[If by consent]* The~~ Defendant LBRY, Inc. and Plaintiff Securities and Exchange Commission (each of the foregoing, a "party" and, collectively, the "parties") have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

~~*[If not fully by consent]* A party to this action has moved that the Court to enter a protective order.~~ ~~The court has determined that the terms set forth herein are appropriate to protect the respective~~ ~~interests of the parties, the public, and the Court.   Accordingly, it is ORDERED:~~

1.      ~~1.~~    Scope. ~~–~~ All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests and subpoenas, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively

155598781.1

"~~document(s)"),~~Discovery Materials"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

~~2.      Form and Timing of Designation.  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation.   Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents *[OPTIONAL: except for documents produced for inspection under the "Reading Room" provisions set forth in paragraph 4 below.]*  The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.~~

~~3.      Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information.~~   ~~The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.~~  ~~Information~~Notwithstanding Paragraph 1 above, any document or ~~documents~~information that ~~are~~is otherwise publicly available ~~in the public sector may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.~~

~~4. *[This Reading Room paragraph may be appropriate only in cases involving extensive documents]* Reading Room.  In order to facilitate timely disclosure of a large number of documents that may contain confidential documents, but that have not yet been reviewed and designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, the following "Reading Room" procedure may be used at the election of the producing~~, including without limitation any document

that is publicly filed with a regulatory entity such as the Commission, or any court (not including documents filed by either party.

~~a.        Reading Room Review.   Documents may be produced for review at a party's facility or other physical or electronic location ("Reading Room") prior to designation as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  After review of the documents, the party seeking discovery may specify those for which copies are requested.  If the producing party elects to designate any documents CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, the copies shall be so marked prior to further production.~~

~~b.        No Waiver of Confidentiality.   The production of documents for review within the Reading Room shall not be deemed a waiver of any claim of confidentiality, so long as the reviewing parties are advised that pursuant to~~ with this ~~Order the Reading Room may contain confidential documents that have not yet been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.~~

2.        ~~c.        Treatment of Produced Documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  The reviewing party shall treat all documents reviewed in the Reading Room as designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER at the time reviewed.  Documents copied and produced from the Reading Room that are not designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER are~~Court) is not subject to this Order.

~~d.        Production of Documents.  Unless otherwise agreed or ordered, copies of Reading Room documents shall be produced within thirty days after the request for copies is made.  Production may be made by providing electronic copies of the documents so long as copies are reasonably as legible as the originals from which they are produced.~~

~~5.        Depositions.~~ ~~Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER at the time of the deposition.  Deposition testimony so~~

~~designated shall remain CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER until _____ (___) days, after delivery of the transcript by the court reporter. Within _____ (___) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.~~

3.   ~~6.~~   Protection of ~~Confidential Material~~<u>Discovery Materials</u>.

a.   ~~a.~~   <u>General Protections</u>.   ~~Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order~~<u>Discovery Materials are confidential and protected by this Order. Under this order, Discovery Materials</u> shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ ~~6~~<u>3</u>.b. for any purpose whatsoever other than to prepare for and to conduct ~~discovery, hearings and trial in this action, including any appeal thereof~~<u>,</u> <u>except as required by legal process, regulation, or statute</u>.

b.   ~~b.~~   <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any ~~CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents~~<u>Discovery Materials</u> to any third person or entity except as set forth in subparagraphs ~~1–6~~<u>i–viii</u>. Subject to these requirements, the following categories of persons may be allowed to review ~~documents that~~

4



have been designated ~~CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER~~Discovery Materials:

i.     ~~1.~~ Counsel. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

~~2. Parties. Parties and employees of a party to this Order. [OPTIONAL: If the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents contain trade secrets or other competitive, personnel or confidential information and disclosure to another party could be harmful to the disclosing party, then add language: but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed].~~

ii.     ~~3.~~ Parties. Parties and employees of or contractors for a party to this Order;

~~ii.~~iii.     Court Reporters and Recorders. Court reporters ~~and~~, recorders, and interpreters engaged for depositions, hearings, or trial;

iv.     ~~4. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A,~~ Witnesses. Witnesses or prospective witnesses (either for testimony or an interview) may be shown or provided Discovery Materials in connection with questioning or preparing the witness;

~~ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND~~.

155598781.1

iii.v.                                   5.   Consultants and Experts.  Consultants, investigators, translators, or experts (hereinafter referred to collectively as "expertsExperts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

vi.                                  6.   Governmental Entities.   Governmental entities in a manner consistent with the Commission's duties and authorities, including, but not limited, those delineated in the Commission's     Form     1662     (available     here: https://www.sec.gov/about/forms/sec1662.pdf);

vii.          This Court; and

iv.viii.          Others by Consent. or Court Order. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute    the    certification    contained    in    Attachment    A, Acknowledgment of Understanding and Agreement to Be Bound.

c.                            c.   Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL   SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.Discovery Materials.  Counsel shall maintain the originals of the forms signed by persons acknowledging their

6

obligations under this Order for a period of six years from the date of signing.

4. ~~d.      Copies.~~ Form and Timing of Additional Designation. A producing person may designate Discovery Materials as highly confidential with heightened restrictions for disclosure under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER designation. Discovery Materials shall be designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER prior to or at the time of the production or disclosure of the Discovery Materials. The designation "HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER" does not mean that the Discovery Materials have any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

5. Discovery Materials Which May be Designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER. Any producing or testifying person may designate Discovery Materials as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER but only after review of the Discovery Materials by an attorney who has in good faith determined that the Discovery Materials contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or highly sensitive and confidential commercial information which if disclosed by a party is reasonably likely to cause the designating person tangible commercial harm. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules

155598781.1

of Civil Procedure. Information or documents that are available in the public sector may not be designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER.

4.6.     Copies of Highly Confidential Discovery Materials. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documentsDiscovery Materials designated as HIGHLY CONFIDENTIAL SUBJECT TO, PROTECTED BY PROTECTIVE ORDER under this Order, or any individual portion of such a documentDiscovery Material, shall be affixed with the designation ""HIGHLY CONFIDENTIAL SUBJECT TO, PROTECTED BY PROTECTIVE ORDER" if the word doeswords do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documentsDiscovery Materials provided these indices, electronic databases or lists do not contain substantial portions or images of the text of highly confidential documentsDiscovery Materials or otherwise disclose the substance of the highly confidential information contained in those documentsDiscovery Materials.

Depositions. 7.     Filing CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER Documents With the Court.

7.     a.     Deposition transcripts and recordings are protected and confidential Discovery Materials. Deposition testimony shall be deemed HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER only if designated by the witness or their counsel as such, and only if the deposition testimony meets the standards articulated in paragraph 5 of this order. Such designation shall be specific as to the portions to be designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, and may not be applied to a deposition transcript as a whole. Within 30 days after delivery of the transcript, a witness or their counsel may serve a Notice of Designation to all parties of record as to specific lines of the

8

155598781.1

transcript (or timestamps of a recording) to be designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER.  Thereafter, those portions so designated shall be protected as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER pending objection under the terms of this Order.

8.    Filing HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER Discovery Materials with the Court.

a.    Filing Party's Highly Confidential Documents. Discovery Materials. In the event that a party seeks to file, or ——reference in any filing, a documentDiscovery Materials that the filing party designated as HIGHLY CONFIDENTIAL SUBJECT TO, PROTECTED BY PROTECTIVE ORDER under this Protective orderOrder and the filing party seeks to maintain the high confidentiality of such documentDiscovery Material, the filing party must comply with LR 83.12 and AP 3.3 for filing the highly confidential document under seal.

b.    ———————b.——Non-Filing Party'sPerson's Highly Confidential Documents.Discovery Materials.  In the event that the filing party seeks to ———file, or reference in any filing, a documentDiscovery Materials that thea non-filing partyperson designated as HIGHLY CONFIDENTIAL— SUBJECT TO, PROTECTED BY PROTECTIVE ORDER under this Protective orderOrder, the filing party shall first consult with the non-filing partyperson to determine whether the non-filing partyperson consents to filing the documentDiscovery Materials in whole or in part on the public docket. If the parties are unable to reach an agreement, the filing party shall

9

prepare two versions of the filings, a public   and   a   highly   confidential version.  The public version shall contain a redaction of references to HIGHLY   CONFIDENTIAL   SUBJECT   TO, PROTECTED   BY PROTECTIVE ORDER documentsDiscovery Materials and shall be filed with  the court.  The highly confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to   LR 83.12 and AP 3.3 indicating that the non-filing partyperson seeks to maintain the high confidentiality of the redacted material.   The partyperson seeking to maintain the highly confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) and AP 3.3 within three (3) business days of the filing.  Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

5.9.   8.   No Greater Protection of Specific Documents. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

6.10.   9.   Challenges by a Party to Designation as Highly Confidential. Any HIGHLY   CONFIDENTIAL   SUBJECT   TO, PROTECTED   BY   PROTECTIVE   ORDER designation is subject to challenge by any party or non-party (hereafter "party").  The following procedure shall apply to any such challenge.

a.   a.   Objection to Confidentiality. Highly Confidential Designation.  Within   thirty   (30)   days   of   the   receipt   of   any

10

~~document~~Discovery Material designated HIGHLY  CONFIDENTIAL—~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER or of the refusal to produce ~~a document~~Discovery Materials on the ground of such designation, a party may serve upon the designating ~~party~~person an objection to the designation.  The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each ~~document~~Discovery Material or category of ~~documents.~~Discovery Materials. HIGHLY CONFIDENTIAL—~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER ~~documents~~Discovery Materials to which an objection has been made shall remain HIGHLY CONFIDENTIAL—~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

b.            ~~b.~~        Obligation to Meet and Confer.  The objecting party and the ~~party~~person who designated the ~~——~~documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If  agreement  is  reached  confirming  or  waiving  the  HIGHLY CONFIDENTIAL—~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER designation as to any ~~documents~~Discovery Materials subject to the objection, the designating party shall serve on all parties a notice specifying the ~~documents~~Discovery Materials and the nature of the agreement.

11

c.             ~~c.~~    Obligation to File Motion. If the parties cannot reach agreement as to any ~~documents~~Discovery Materials designated HIGHLY CONFIDENTIAL ~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER, for the purpose of discovery, the designating ~~party~~person shall file with the court within thirty (30) days of the service of the objection a motion to retain the HIGHLY CONFIDENTIAL ~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER designation. The moving ~~party~~person has the burden to show good cause for the HIGHLY CONFIDENTIAL ~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER designation. The failure to file the motion waives the HIGHLY CONFIDENTIAL ~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER designation of ~~documents~~Discovery Materials to which an objection was made.

~~7.~~11.       ~~10.~~    Court Not Bound By ~~Parties'~~Persons' Designation. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of ~~documents~~Discovery Materials produced in discovery, filed with the court, or used during any hearing or at trial.

~~8.~~12.       ~~11.~~    Use of Highly Confidential Documents or Information at Hearing or Trial. A party who intends to present or anticipates that another party may present at any hearing or at trial HIGHLY CONFIDENTIAL ~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER ~~documents~~Discovery Materials or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make

such orders as are necessary to govern the use of such ~~documents~~Discovery Materials or information at a hearing or trial.

~~9.~~13.  ~~12.~~ Obligations on Conclusion of Litigation.

a. ~~a.~~ Order Remains in Effect. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

~~b. Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents. Within thirty days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return to the producing party all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.~~

155598781.1

b.          ~~c.~~        Deletion of ~~Documents~~Discovery Materials Filed under Seal from ECF System. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

~~10.~~14.        ~~13.~~      Order Subject ~~t o~~to Modification. This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

~~11.~~15.        ~~14.~~      No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any ~~documents~~Discovery Material or information designated HIGHLY CONFIDENTIAL ~~SUBJECT TO~~, PROTECTED BY PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific ~~document~~Discovery Material or issue.

~~12.~~16.        ~~15.~~      Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

14

**SO STIPULATED AND AGREED**

*/s/ Peter B. Moores*

Eric. A. Forni (Mass. Bar No. 669685)
Marc Jones (Mass Bar No. 645910)
Peter B. Moores (Mass Bar No. 658033)
Senior Enforcement Counsel
Boston Regional Office
33 Arch Street
Boston, MA  02110

*Attorneys for Plaintiff Securities and Exchange Commission*

*/s/ William E. Christie*

William E. Christie
Timothy J. McLaughlin
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 819-4231
wchristie@shaheengordon.com
tmclaughlin@shaheengordon.com

*/s/ Keith W. Miller*

Keith W. Miller (*pro hac vice*)
Rachel M. Mechanic (*pro hac vice*)
John T. Dixon (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
KeithMiller@perkinscoie.com
RMechanic@perkinscoie.com
JohnDixon@perkinscoie.com

*Attorneys for Defendant LBRY, Inc.*

**SO ORDERED**

15

155598781.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

   -against-         Civil Action No. 1:21-cv-00260-PB

LBRY, INC.,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

              So Ordered,


             _____


   I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings, including those that have been designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, as defined therein. I will not disclose such Discovery Materials, including those designated HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER, to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the action, I will return all Discovery Materials designated as HIGHLY CONFIDENTIAL, PROTECTED BY PROTECTIVE ORDER to the party or attorney from whom I received them.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the

155598781.1

2

jurisdiction of the United States District Court for the District of New Hampshire for the purpose

of any issue or dispute arising hereunder and my willful violation of any terms of the Protective

Order could subject me to punishment for contempt of court.

Dated: _____     _____

                                            Name:
                                            Title:

155598781.1