UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>LBRY, INC., )<br><br>Defendant. ) | Civil Action No. 21-cv-00260 |

## COMMISSION'S MOTION TO MODIFY SCHEDULING ORDER AND  REQUEST FOR EXPEDITED TREATMENT

Plaintiff Securities and Exchange Commission moves to modify the current case scheduling order (ECF No. 34) to extend fact discovery and summary judgment deadlines by two months, and trial by about a month.  The Commission requests expedited consideration of this motion pursuant to Local Rule 7.1(f) due to the upcoming case deadlines and the effect this request will have on depositions that are scheduled in the near future.  Discovery is currently set to close in three weeks.  Several depositions have been noticed for the coming weeks, and the deposition schedule is substantially affected by the current discovery issues.

The Commission requests this extension because, as detailed further below, LBRY has failed to produce important categories of responsive documents and data, which has affected scheduling of depositions.  Prior to learning of these production gaps, the Commission did not anticipate asking for an extension of the schedule.  The Commission has sought to limit this

extension to as short a time as possible to complete discovery.  This is the first request for an extension of the schedule by either party.[1]

The Commission proposes these amendments to the schedule:

| Scheduling Designation | Current Deadline | Proposed Deadline | Days Extended |
|---|---|---|---|
| Completion of Discovery | March 4, 2022 | May 4, 2022 | 61 days |
| Rule 26(e) Supplementations | March 4, 2022 | May 4, 2022 | 61 days |
| Motions for Summary Judgment | April 4, 2022 | June 6, 2022 | 63 days |
| Challenges to Expert Testimony | June 17, 2022 | August 17, 2022 | 61 days |
| Trial | September 8, 2022 | October 3, 2022 | 25 days |

The Commission requests this extension to the discovery schedule because the Commission has recently realized that several categories of documents were not produced by LBRY in response to the Commission's October 2021 requests.  Due to the timing of LBRY's productions, the Commission has only now learned about these significant gaps in production. For instance, LBRY did not collect or produce any documents from LBRY's Google Drive (i.e., Google Docs, Google Sheets), which appears to be LBRY's main repository of memos, agendas, spreadsheets, and presentations.  LBRY also did not collect or produce documents from several other electronic document and communication repositories (e.g., Telegram), despite the obvious links to these files in documents they review and produce.  After calling this omission to counsel's attention, LBRY now indicates that it hopes to produce some of these documents next

---

[1] The parties' initial proposed schedule was, however, delayed by the intervention of the LBRY Foundation.  *See* Endorsed Order re: Discovery Plan [No ECF No.], July 8, 2021.

week (others it is "looking into").  Nor did LBRY collect any messages from the several social media sites it uses, and is now determining whether there are responsive documents there.

In addition, LBRY did not (and now refuses to) search the documents and communications of a top executive at LBRY who appears to have participated in numerous important strategic decisions and the offer and sale of the security at issue in this case.   The Commission anticipates that it will need to avail itself of the discovery mediation process offered by Judge Johnstone, and possibly engage in motion practice to resolve this and other discovery omissions.  The requested extension will allow the parties the time to resolve these issues, with the Court's help if necessary.

Most glaringly, LBRY did not produce gigabytes of data about the use of LBRY's protocol and applications until the last 24 hours (and apparently still has gigabytes more data to produce).  First, the Commission will need time to process and review this data, which it expects to be voluminous.  Second, the production of this data is weeks, if not months, after giving this information to their own expert.  LBRY had collected gigabytes of data requested in the Commission's October 2021 Requests for Production, but only produced that data to the Commission after the time for expert reports had passed.  This data was thus not available to the Commission to obtain its own expert.  The Commission's need to evaluate this mountain of data (and to determine whether further motion practice is needed about the data and experts) provides another ground for granting this extension.

LBRY needs more time to produce the documents that respond to the Commission's requests.  The Commission needs more time to receive and review those documents, and to incorporate them into the pending depositions (or other discovery requests if warranted).

Approximately 60 days (with an extension of the trial date of only 25 days), will suffice to resolve these issues and complete discovery properly.

For these reasons, the Commission asks this Court to modify the case scheduling order according to the above extended deadlines.

Dated:  February 10, 2022

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc Jones (Mass Bar No. 645910)
Peter Bryan Moores (Mass Bar No. 658033)
Eric A. Forni (Mass. Bar No. 669685)
Senior Enforcement Counsel
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-8947 (Jones direct)
jonesmarc@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on February 10, 2022, I caused true and correct copies of the foregoing to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

*/s/ Marc Jones*
Marc Jones