UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------- X
SECURITIES AND EXCHANGE            :
COMMISSION,
                                   :
       Plaintiff,
                                   :
  -against-                          Civil Action No. 1:21-cv-00260-PB
                                   :
LBRY, INC.,
                                   :
       Defendant.
------------------------------------- X

### DEFENDANT LBRY, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Defendant LBRY, Inc. ("LBRY" or the "Company") writes in opposition to Plaintiff Securities and Exchange Commission's (the "Commission") belated attempt to delay by eight weeks the discovery schedule in this case, which has been set for *months* and which LBRY has been operating diligently and in good faith to meet—as it has done for the past nearly *four years* since the Commission first opened its investigation into the Company. The current discovery cutoff is nearly three weeks away, which provides the Commission with more than enough time to complete the few depositions they have remaining. The Company produced nearly 1 million pages of documents in connection with the investigation and it has made additional productions of more than 6,000 documents and communications (totaling over 58,000 pages) in connection with the litigation. LBRY, a start-up with limited resources, has spent a substantial amount of time, energy and money responding to and defending against the Commission's investigation and subsequent litigation—and any further delay of a resolution of this matter will only continue to severely prejudice the Company.

As LBRY informed the Commission prior to the filing of its motion to modify the scheduling order, the Company has substantially completed its productions, including the

155849424.2

completion of its production of email communications (which it completed more than three weeks ago on January 21, 2022). *See* Declaration of John Dixon, Ex. A (Feb. 10, 2022 email to M. Jones). In addition, LBRY has produced all responsive data to the Commission, as well as documents responsive to additional sources and categories of documents and communications recently raised by the Commission—including documents obtained from the Company's Google Drive and Slack message files that the Commission requested LBRY re-produce without redactions.[1] Moreover, despite the fact that the Commission waited *months* to raise the topic of custodians to LBRY, and only just requested on February 3, 2022 that the Company produce communications from a LBRY employee who did not join the company until 2020—four years after the launch of the LBRY network and release of LBRY's native token—in an effort to move this matter along, LBRY is producing to the Commission approximately 65 responsive, non-privileged documents and communications retrieved from the files of this additional custodian. And, although LBRY made clear nearly three months ago in its Responses & Objections to the Commission's Requests for Production, dated November 17, 2021, that it objected to the Commission's request for documents dated after the filing of the Complaint—an objection that the Commission did not challenge until mere weeks before the close of discovery—LBRY has nevertheless produced, at the Commission's request, certain categories of documents post-dating the date of the Complaint. *See* Dixon Decl., Ex. B (Feb. 11, 2022 Production Cover Letter). As of the date of this memorandum, the only remaining category of communications that the Commission recently raised to LBRY, and which LBRY has agreed to produce, are the Company's and certain of its employees' direct messages on social media and messaging

---

[1] The Company initially produced Slack files with communications post-dating the date of the Complaint—March 29, 2021—redacted for non-responsiveness. At the Commission's request, however, LBRY has re-produced the Slack files without redactions, notwithstanding that it continues to object to the Commission's repeated requests for communications post-dating the filing of the Complaint in this action.

platforms for the period 2019 through March 29, 2021 (LBRY previously produced to the Commission in connection with the investigation responsive direct messages through mid-2019). LBRY is in the process of collecting, searching and reviewing these materials and will promptly produce responsive communications to the Commission.[2]

Given what limited amount of materials remain to be produced, there is simply no reason for an extension of the discovery schedule in this matter, let alone an extension of eight weeks, especially in light of the straight-forward nature of this case.[3] Indeed, this enforcement action involves only one issue: whether LBRY's native token, LBRY Credits ("LBC"), constitutes an "investment contract" under the Securities Act of 1933 (the "Act"), thereby requiring registration pursuant to Section 5 of the Act. The Commission's Complaint contends that LBC was a security as of the launch of the LBRY network in 2016 based upon, among other things, actions taken by LBRY in the early stage of the Company. Through the course of the investigation and litigation in this matter, LBRY has provided—at a considerable cost to the Company—reems of documents, communications and data to the Commission and has complied in good faith with its discovery obligations at every turn.

---

[2] The Commission misleadingly contends that LBRY did not "collect any messages from the several social media sites it uses," Mot. at 3; however, it fails to mention that LBRY produced these messages in connection with the investigation. The Commission thus has several years' worth of the information it seeks. More recent social media messages—on top of all of the other documents LBRY has produced throughout the course of the investigation and litigation—are likely to be of only marginal, if any, relevance to this case. In any event, LBRY is working promptly to identify and produce any additional responsive messages.

[3] With respect to the Commission's argument that LBRY did not produce certain "data about the use of LBRY's protocol and applications" until recently, and that this somehow prejudiced the Commission from obtaining an expert, Mot. at 3, the Commission is well aware from its nearly four-year investigation of the Company that the LBRY protocol operates on a blockchain. LBRY produced the raw blockchain data well within the discovery period. If the Commission believed that it needed this data—or any other data—for purposes of providing it to a potential expert, it could have asked LBRY to prioritize production of such data, but the Commission never did so. The Commission apparently regrets its strategic decision not to seek an expert, but that is no reason to delay discovery and trial in this case.

It is difficult to imagine what possible relevance the materials requested by the Commission for the period following the investigation through the date of the filing of the Complaint could have to the only issue in this case—whether LBC constitutes a security under the federal securities laws.  Nevertheless, the Company has complied with the Commission's many requests in the litigation and has produced thousands of recent documents and communications for the period of mid-2019 through March 29, 2021.  The Commission has now asked LBRY for even more communications from this recent time period, and LBRY is working diligently and in good faith to comply with that request.  Given that the overwhelming majority of requested materials have been produced to the Commission and the questionable relevance of the limited categories of communications remaining to be produced, there is simply no reason that the Commission cannot go forward with the remaining depositions it has noticed prior to the close of discovery on March 4, 2022, let alone why the Commission needs an additional *two months* to complete discovery in this action.  The discovery schedule in this case has been set for months and any further delay in the resolution of this matter will only continue to harm and prejudice LBRY.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Commission's Motion to Modify the Scheduling Order.

Dated: New York, New York.
February 14, 2022

Respectfully submitted,

LBRY, INC.

*/s/ Keith W. Miller*

William E. Christie
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 819-4231
wchristie@shaheengordon.com

Keith W. Miller (*pro hac vice*)
Rachel S. Mechanic (*pro hac vice*)
John T. Dixon (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
KeithMiller@perkinscoie.com
Rmechanic@perkinscoie.com
JohnDixon@perkinscoie.com

5

155849424.2