CONFIDENTIAL—NOT FOR DISTRIBUTION

Sept 17, 2019

Calvin Chu
Binance Exchange



EXHIBIT
69
21-cv-00260-PB

**Re: Listing of LBC**

Dear Binance/Calvin:

LBRY, Inc. ("we" or "Company") is providing this letter to set forth our basis for concluding that LBRY credits ("LBC") distributed by Company were not required to be registered with the U.S. Securities and Exchange Commission ("SEC").

LBC and the LBRY platform were launched on July 4, 2016. At the time of launch, 400 million LBC were pre-mined and allocated to Company. Since that date, we have sold or otherwise distributed approximately ~13 million LBC – representing about 5% of the total minted LBC. As an exhibit to this letter, we have attached a summary of the mechanisms whereby we distributed LBC both privately, as well as to members of the public (the "Summary"). We refer you to the Summary for detailed information as to the volume of tokens distributed under each scenario.

As you are aware, the SEC issued a Report of Investigation regarding The DAO (the "DAO Report") responding to the use by "virtual organizations and associated individuals and entities [of] distributed ledger technology to offer and sell instruments such as DAO Tokens to raise capital." The DAO Report, as well as subsequent SEC enforcement actions involving blockchain-based tokens, including the SEC's administrative settlement with Munchee Inc. in December 2017, dealt with whether the offering of applicable tokens created an "investment contract" under the test set forth in SEC v. W.J. Howey Co., 328 U.S. 293 (1946) (the "Howey Test"). The elements of the Howey Test are: (1) an investment of money; (2) in a common enterprise; (3) with a reasonable expectation of profits; (4) to be derived from the entrepreneurial or managerial efforts of others. As we understand it, a token that fails any one of these elements would not be considered an "investment contract."

Purchasers of LBC should have reasonably expected to use LBC in connection with their intended and stated purpose: to allow users to share, purchase and sell content ("Services") in a blockchain-based decentralized distributed content ecosystem ("LBRY Platform") implementing the LBRY open-source protocol ("LBRY Protocol"). We understand that purchases motivated by a desire to use or consume a token do not qualify as expectations of profit for purposes of the Howey Test. Those who purchased LBC for the stated advertising and other uses related to the Services clearly did not intend to acquire an "investment contract."

1

139147085.2

*CONFIDENTIAL—NOT FOR DISTRIBUTION*

LBC are limited to a fixed supply – 40% of which were released to Company in the genesis block for the purpose of awarding LBC to LBRY Platform users, and the remaining which will be mined over the course of twenty years. This structure is designed to incentivize participation on the LBRY Platform, rather than as a mechanism for LBRY to raise capital. Users of the LBRY Platform can earn LBC for performing certain tasks, such as by referring other users to the LBRY Platform or by publishing content on the LBRY Platform. We have not marketed LBC as a cryptocurrency—rather, we have described LBC as a unit of credit on the LBRY Platform.

It is important to note that we did not offer LBC in a public token sale—instead, we distributed LBC through private placements with institutional parties, and sold a limited amount of LBC through exchanges for users wishing to acquire LBC in order to access content on the LBRY Platform. Although we made a small amount of LBC available for purchase on exchanges, we have not taken any steps to encourage people to purchase LBC. Our FAQ directs users interested in acquiring LBC to third party exchanges, but we have never released any promotional materials, statements, or press releases promoting LBC. Our position has been consistent—LBC is merely a unit of account within the LBRY Platform. In fact, we regularly respond to comments about LBC in order to clear up any misconceptions about LBC as an investment opportunity.

None of our statements should have provided a reasonable basis for expecting the market value of LBC to appreciate. As indicated in the Summary, no one is obligated to make any payments to LBC holders; moreover, LBC holders have no rights in our Company, and they are not entitled to vote on any matters. Taken together, the above facts should cause LBC to fail the expectation of profits element of the Howey Test.

Finally, we understand that merely purchasing LBC with the intention of reselling them at a higher price would not bring LBC within the ambit of the federal securities laws. The expected appreciation must derive from the efforts of others rather than general market conditions. According to the DAO Report, these efforts would need to be "undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." Company believes that the failure or success of the LBRY Platform will turn principally on non-managerial factors such as user adoption and participation, given the decentralized nature of the LBRY Platform. But in any event, the "undeniably significant" technical infrastructure for the Ecosystem was already operational at the time we distributed LBC via exchanges.

Therefore, we believe that LBC are not investment contracts, insofar as any purchaser should reasonably view LBC as a means of accessing Services within the LBRY Platform, and not as an investment in a common enterprise from which the purchaser would reasonably expect to profit from the significant entrepreneurial or management efforts of others.

This letter represents our views and is not intended to provide legal advice.

Please feel free to contact me if you require further information or wish to discuss our analysis.

2

139147085.2

Confidential, Protected by Protective Order

LBRY_SEC00057779

CONFIDENTIAL—NOT FOR DISTRIBUTION

Sincerely,


Josh Finer
Partner
LBRY, Inc.

139147085.2

3

Confidential, Protected by Protective Order

LBRY_SEC00057780

*CONFIDENTIAL—NOT FOR DISTRIBUTION*

## Summary of LBC Distribution

### SECONDARY MARKET SALES

| Date | Volume Sold | Value | Exchange |
|---|---|---|---|
| 7/2017 – 8/2017 | 1,000,000 | $489,460 | Bittrex and Poloniex |
| 12/2017 – 2/2018 | 9,900,000 | $5,143,054 | Bittrex and Poloniex |

### PRIVATE SALES

| Date | Volume Sold | Value | Purchaser |
|---|---|---|---|
| 10/3/2017 | 264,661 | $52,800 | FlipsideCrypto |
| 11/20/2017 | 375,208 | $67,500 | FlipsideCrypto |
| 1/29/2018 | 136,008 | $84,937 | FlipsideCrypto |
| 04/01/2018 | 327,352 | $55,650 | FlipsideCrypto |

### DISTRIBUTED AS COMPENSATION

| Date | Volume | Value | Recipient |
|---|---|---|---|
| December 2016 – Aug 2019 | ~10,000,000 | ~$400,000 | Employees, advisors, contractors |

### AWARDED VIA THE LBRY PLATFORM

| Date Range | Volume | Value |
|---|---|---|
| December 2016 – August 2019 | ~8,900,000 | ~$350,000 |

4

Confidential, Protected by Protective Order

LBRY_SEC00057781