UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 21-cv-00260 |
| LBRY, INC., | | |
| Defendant. | | |

**PLAINTIFF'S MOTION FOR LEAVE FOR
EXCESS PAGES IN THE FORM OF A STATEMENT OF FACTS[1]**

Pursuant to Local Rule 7.1(a)(3), Plaintiff Securities and Exchange Commission hereby moves the Court for leave to file summary judgment papers in excess of the 25 page limit in the form of the Commission's currently filed Statement of Undisputed Facts or, in the alternative to file an amended Memorandum in Support of its Motion for Summary Judgment in excess of the 25-page limit for the purpose of including in that memo citations to the Commission's exhibits.

On Wednesday, May 4, 2022, the Commission filed its Motion for Summary Judgment (ECF No. 55), accompanied by its Memorandum in Support ("Memorandum," ECF No. 55-1), Statement of Undisputed Material Facts ("Statement," ECF No. 55-2), and Appendix of Exhibits (refiled May 5 per Clerk's Notice, as ECF Nos. 61-65). The next day, LBRY's counsel emailed the Commission stating their belief that the Commission's separate Statement of did not comply with Local Rules 7.1(a)(3) and 56.1, in that it was not "incorporated" within the Memorandum and thus made the Commission's filing exceed the page limit. With this filing, we seek to correct any error in the Commission's filing.

---

[1] Because this motion is short and procedural in nature, the Commission has not filed a separate memorandum with this motion. L.R. 7.1(a)(2).

The Commission's Statement repeats the facts in the Memorandum, usually near verbatim, and sometimes with additional text describing evidence not described in the Memorandum. Each Statement paragraph then cites exhibits with a description of each exhibit and pincites where appropriate. The Commission filed its Statement believing that practice complied with Local Rule 56.1 and in an effort to present as full a record as possible. The separate filing was also consistent with its previous practice before this Court, *see SEC v. Smith,* 14-cv-192-PB, 2015 WL 9855892, at *1 (D.N.H. Oct. 16, 2015)("the Court having reviewed that motion, the SEC's Statement of Uncontested Material Facts, the SEC's supporting documentation….the SEC's motion should be, and hereby is, granted").

After the Commission made its filing, the Commission learned of a case that supports Defendant's position, *Collision Commun., Inc. v. Nokia Solutions and Networks OY*, 20-cv-949-JD, 2021 WL 5106463 (Mar. 9, 2021) (on motion to strike separate facts statement, finding that statement of material facts should not be filed as a separate document). In that case, the Honorable Judge DiClerico accepted the defendant's statement of facts, and allowed plaintiff to respond to that statement with an extension of the deadline.

The Commission asks the Court to accept the Commission's Statement. If necessary, the Commission requests, admittedly retroactively, leave to file 30 additional pages to accommodate the length of the Statement of Facts. Defendant would then respond to the Commission's Statement when it opposed the Commission's motion, giving the Court a clear view of the undisputed facts. In the alternative, the Commission requests leave to re-file the Commission's Memorandum, with leave to file up to 5 excess pages to accommodate the incorporation of the exhibit citations into the Memorandum itself. The Commission will promptly file an amended Memorandum if this is the relief the Court provides.

The Commission conferred with counsel for LBRY and made clear that it would assent to any request LBRY makes to: (a) file a separate statement of material facts, as the Commission has done; and/or (b) file an amended memorandum in support of its motion for summary judgment in order to incorporate any additional facts; and/or (c) file excess pages to respond to the Commission's motion for summary judgment.  LBRY's counsel declined to consent.

For the reasons stated above, the Commission asks the Court to accept its Statement of Material Facts (ECF No. 55-2), with leave to file the excess pages of that Statement if necessary. In the alternative, the Commission asks the Court to permit the Commission to re-file its Memorandum in Support with the exhibit citations included within five days of this Order, with leave to file up to 5 additional pages for that purpose.

Dated:  May 6, 2022                                         Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc Jones (Mass. Bar No. 645910)
Eric A. Forni (Mass. Bar No. 669685)
Peter B. Moores (Mass. Bar No. 658033)
Senior Enforcement Counsel
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-8947 (Jones direct)
jonesmarc@sec.gov

## L.R. 7.1(c) CERTIFICATION

I hereby certify that, on May 6, 2022, counsel for the Commission consulted with counsel for Defendants in a good faith attempt to obtain concurrence or compromise on the relief sought herein.  Counsel for the Commission was told that Defendant does not concur.

                                                             */s/ Marc Jones*  
                                                             Marc Jones

## CERTIFICATE OF SERVICE

I hereby certify that, on May 6, 2022, I caused true and correct copies of the foregoing to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                                                             */s/ Marc Jones*  
                                                             Marc Jones