UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------- X

SECURITIES AND EXCHANGE
COMMISSION,                                      :

                                                 :

                    Plaintiff,                   :

                                                 :

        -against-                                       Civil Action No. 1:21-cv-00260-PB

                                                 :

LBRY, INC.,                                      :

                                                 :

                    Defendant.                   :

------------------------------------- X

## DEFENDANT LBRY, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE FOR EXCESS PAGES IN THE FORM OF A STATEMENT OF FACTS

Defendant LBRY, Inc. ("LBRY") objects to Plaintiff Securities and Exchange Commission's (the "Commission") Motion for Leave for Excess Pages in the Form of a Statement of Facts ("Motion for Leave"), ECF No. 66.  The Court should deny the Commission's Motion for Leave because (1) the Commission violated the Local Rules for this Court by filing a 30-page Statement of Undisputed Facts, ECF No. 55-2, in addition to its 25-page Memorandum of Law in Support of its Motion for Summary Judgment, ECF No. 55-1, which together is more than *double* the 25-page limit for submissions in support of dispositive motions; (2) the Commission failed to seek leave from this Court, or seek the consent of LBRY, *before* violating the Local Rules by submitting 30 additional pages in support of its summary judgment motion; and (3) the Commission's failure to comply with this Court's Local Rules prejudices LBRY.

Local Rule 56.1 clearly provides that a "memorandum in support of a summary judgment motion[1] **shall incorporate** a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be

---

[1] Local Rule 7.1(a)(3) provides that except by prior leave of the court, a memorandum in support of dispositive motions shall not exceed 25 pages in length.

tried."  LR 56.1(a) (emphasis added); *see, also, Collision Commc'ns, Inc. v. Nokia Sols. & Networks OY*, No. 20-CV-949-JD, 2021 WL 5106463, at *1 (D.N.H. Mar. 9, 2021) ("Local Rule 56.1 requires that a statement of material facts be incorporated into the memorandum, not filed as a separate document, and the page limit in Local Rule 7.1(a)(3) underscores that requirement."); *Cass v. Airgas USA, LLC*, No. 17-CV-313-JD, 2018 WL 3682491, at *2 (D.N.H. Aug. 2, 2018) (stating that defendant "erred in filing a separate factual statement, in support of its motion for summary judgment, which should have been incorporated into the memorandum," which together exceeded 25 pages even though defendant "did not seek leave to file a memorandum in excess of that limit").[2]

Before filing its motion for summary judgment on May 4, 2022, the Commission did not seek leave of the Court to exceed the 25-page limit, nor did it seek LBRY's assent to do so.  In contravention of the Local Rules, the Commission filed a total of 55 pages in support of its motion. LBRY, on the other hand, filed in support of its summary judgment motion a 25-page memorandum of law which, in accordance with local guidance, incorporates a statement of material facts.  ECF No. 61.  The Commission now requests that the Court forgive its excessively long filing and apparent oversight of the Local Rules by either accepting its filing as is or, in the alternative, permitting the Commission to re-file its Memorandum of Law with leave to file five

---

[2] The Commission states that its practice in filing a separate Statement of Undisputed Facts is "consistent with its previous practice before this Court" in *SEC v. Smith*, No. 1:14-cv-00192-PB. Mot. at 2.  It appears that the plaintiff in *Smith*—appearing *pro se*—submitted a mere three-page opposition to the Commission's summary judgment motion and did not object to the Commission's filing of a separate 44-page Statement of Undisputed Facts in violation of the Local Rules.  No. 1:14-cv-00192-PB, ECF No. 27 (Feb. 27, 2015).  That the Commission previously violated the Local Rules in an action against a *pro se* litigant who did not challenge the Commission's filing does not excuse its violation of the rules in this action.  This is particularly so where numerous cases exist in this District admonishing parties who violate the Local Rules by filing a separate statement of undisputed facts.

excess pages "to accommodate the incorporation of the exhibit citations into the Memorandum itself." SEC Mot. at 2.

The Commission's motion states that it suggested three options to LBRY as a concession for its violation of the Local Rules—specifically, the Commission writes that in purported exchange for LBRY's assent to its current Motion for Leave, it would agree to LBRY "(a) fil[ing] a separate statement of material facts, as the Commission has done; and/or (b) fil[ing] an amended memorandum in support of its motion for summary judgment in order to incorporate any additional facts; and/or (c) fil[ing] excess pages to respond to the Commission's motion for summary judgment." ECF No. 66 at 3. But the Commission's proposed options only illustrate the prejudice that its violation of the Local Rules has caused to LBRY. Moreover, it is not up to the parties to decide which Local Rules should be followed.

For example, it would be unreasonable to expect LBRY to revisit and revise its *own* motion for summary judgment—as options (a) and (b) suggest—now that the motion papers have been filed. LBRY—a startup company with limited resources—expended significant time and money preparing its 25-page memorandum and incorporated statement of undisputed facts, including time and resources specifically focused on streamlining its submission so that it complied with the 25-page limitation. To require LBRY to amend its own summary judgment submission at this late hour in order to accommodate the Commission's violation of the Local Rules would not only prejudice LBRY by requiring it to spend additional time and resources preparing amended filings, but it would place this additional burden on LBRY at the exact time that LBRY needs to focus its time and energy on preparing its opposition to the Commission's motion for summary judgment.

Nor does the Commission's third purported option—granting LBRY excess pages to respond to the Commission's summary judgment motion—alleviate the prejudice to LBRY; in

fact, this option only exacerbates the harm to LBRY, as it would again require LBRY to spend additional time and resources to respond to the Commission's summary judgment motion. In any event, simply granting LBRY extra pages to object to the Commission's motion does not level the playing field because LBRY was allotted only 25 pages to outline its statement of undisputed facts, as well as its legal arguments in support of summary judgment. Had LBRY believed it could file a 55-page memorandum of law and statement of facts, LBRY likely would have made different strategic decisions concerning how to approach its filing, including by adding certain facts and/or legal arguments.

Finally, the Commission's alternative request that the Court grant it leave to file an amended Memorandum of Law in excess of the 25-page limit in order to incorporate exhibit citations should be denied because LBRY still would be required to devote more time and money to responding to the Commission's 30-page memorandum of law. In addition, permitting the Commission to file a 30-page memorandum of law in support of its summary judgment motion while LBRY could file only 25 pages in support of its motion is inequitable. While the Commission attempts to cast this alternative argument as a modest request to file an additional five pages simply to add exhibit citations, in actuality, the Commission asks this Court to grant it a 20% increase to the page limit *after* summary judgment motions were due and after LBRY filed its motion in accordance with the Local Rules.

Simply put, the Commission chose to bring this enforcement action against LBRY in this Court and, like any litigant before this Court, is subject to its Local Rules of procedure. The Local Rules are clear as to the parties' obligations and limitations in connection with the filing of dispositive motions, and LBRY took pains to ensure that it complied with those rules. The Commission—with its unbridled access to all the resources of the federal government—erred in

filing a separate 30-page Statement of Undisputed Facts and should not be permitted to benefit from this error, at the continued prejudice to LBRY.  Accordingly, the Commission's Motion for Leave should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Commission's Motion for Leave for Excess Pages in the Form of a Statement of Facts.

Dated: May 10, 2022

                      Respectfully submitted,

                      LBRY, INC.

                      */s/ Timothy J. McLaughlin* (NH Bar # 19570)
                      William E. Christie
                      Timothy J. McLaughlin
                      Shaheen & Gordon, P.A.
                      107 Storrs Street
                      P.O. Box 2703
                      Concord, NH 03302
                      (603) 819-4231
                      wchristie@shaheengordon.com
                      tmclaughlin@shaheengordon.com

                      */s/ Keith W. Miller*
                      Keith W. Miller (*pro hac vice*)
                      Rachel S. Mechanic (*pro hac vice*)
                      John T. Dixon (*pro hac vice*)
                      Perkins Coie LLP
                      1155 Avenue of the Americas, 22nd Floor
                      New York, New York 10036-2711
                      (212) 262-6900
                      KeithMiller@perkinscoie.com
                      Rmechanic@perkinscoie.com
                      JohnDixon@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  May 10, 2022                                   */s/ Keith W. Miller*
                                                                    Keith W. Miller