UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
------------------------------------ X
SECURITIES AND EXCHANGE              :
COMMISSION,
                                     :
            Plaintiff,
                                     :
      -against-                          Civil Action No. 1:21-cv-00260-PB
                                     :
LBRY, INC.,
                                     :
            Defendant.
------------------------------------ X
```

**DEFENDANT LBRY, INC.'S MOTION TO STRIKE
PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

Defendant LBRY, Inc. ("LBRY") moves to strike[1] Plaintiff Securities and Exchange Commission's (the "Commission") 30-page Statement of Undisputed Facts, ECF No. 55-2, which the Commission filed in addition to its 25-page Memorandum of Law in Support of its Motion for Summary Judgment, ECF No. 55-1. In violation of the Local Rules, the Commission filed a total of 55 pages in support of its motion for summary judgment without seeking leave of Court to do so in advance. *See* LR 7.1(a)(3) (stating that a memorandum in support of a dispositive motion shall not exceed 25 pages in length except by prior leave of the court); LR 56.1(a) (stating that a "memorandum in support of a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried"); *see also Cass v. Airgas USA, LLC*, No. 17-CV-313-JD, 2018 WL 3682491, at *2 (D.N.H. Aug. 2, 2018) (stating that defendant "erred in filing a separate factual statement, in support of its motion for summary judgment, which should have

---

[1] Due to the nature of the relief requested herein, LBRY's supporting memorandum of law is incorporated herein.

been incorporated into the memorandum," which together exceeded 25 pages even though defendant "did not seek leave to file a memorandum in excess of that limit").

Without the Court's intervention, the Commission's failure to follow the Local Rules leaves LBRY in a precarious situation. If, on the one hand, LBRY does not respond to the Commission's 30-page Statement of Undisputed Facts, LBRY risks those facts being deemed admitted. *See* LR 56.1(b) ("All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party."). If, on the other hand, LBRY does respond to the Commission's 30-page Statement of Undisputed Facts, either in its allotted 25-page opposition brief or in a separate filing (should this Court allow), LBRY continues to be harmed for at least two reasons. First, LBRY would be required to spend additional time and resources responding to the Commission's 55-page summary judgment filing—more than *double* the length allowed under the Local Rules. Second, even if time and money were of no concern to LBRY (which it is), it still would be inequitable to let the Commission's 55-page filing stand when LBRY was allotted only 25 pages for its affirmative motion. If LBRY had been allowed 30 extra pages for its own summary judgment motion from the outset, LBRY likely would have made different strategic decisions concerning how to approach its filing, including by adding certain facts and/or legal arguments.

At bottom, the Commission's 55-page summary judgment filing prejudices LBRY. Although the Commission implies in its Motion for Leave to File Excess Pages, ECF No. 66, that certain concessions it offered to LBRY might remedy the Commission's error, each alternative that permits the Commission to file additional pages or requires LBRY to expend additional time and resources responding to the Commission's improper filing, prejudices LBRY. For example, it would be unreasonable to expect LBRY to revisit and revise its own motion for summary

judgment now that the motion papers have been filed.  LBRY expended significant time and money preparing its 25-page memorandum and incorporated statement of undisputed facts, including time and resources specifically focused on streamlining its submission so that it complied with the 25-page limitation.  To require LBRY to amend its own summary judgment submission at this late hour in order to accommodate the Commission would not only prejudice LBRY by requiring it to spend additional time and resources preparing amended filings, but it would place additional burdens on LBRY at the exact time that LBRY needs to focus its time and energy on preparing its opposition to the Commission's motion for summary judgment.  Moreover, it is not for the parties to decides which Local Rules they will comply with, as the Commission suggests.

Nor would granting LBRY excess pages to respond to the Commission's summary judgment motion alleviate the prejudice to LBRY; in fact, it only exacerbates the harm to LBRY, as it would again require LBRY to spend additional time and resources to respond to the Commission's summary judgment motion.  In any event, simply granting LBRY extra pages to object to the Commission's motion does not level the playing field, because again, LBRY was allotted only 25 pages to outline its statement of undisputed facts, as well as its legal arguments in support of summary judgment.

Accordingly, because any other remedy would place the burden of the Commission's mistake squarely on LBRY, the only appropriate remedy is to strike the Commission's Statement of Undisputed Facts.

**CONCLUSION**

For the foregoing reasons, this Court should grant LBRY's Motion to Strike Plaintiff's Statement of Undisputed Facts.

WHEREFORE, LBRY respectfully requests that the Court:

A.  Strike Plaintiff's Statement of Undisputed Facts (ECF No. 55-2); and

B.  Grant such further relief as is necessary and just.

Dated: May 10, 2022

Respectfully submitted,
LBRY, INC.


*/s/ Timothy J. McLaughlin* (NH Bar # 19570)
William E. Christie
Timothy J. McLaughlin
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 819-4231
wchristie@shaheengordon.com
tmclaughlin@shaheengordon.com


*/s/ Keith W. Miller*
Keith W. Miller (*pro hac vice*)
Rachel S. Mechanic (*pro hac vice*)
John T. Dixon (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
KeithMiller@perkinscoie.com
Rmechanic@perkinscoie.com
JohnDixon@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated:  May 10, 2022 　　　　　　　　　　 */s/ Keith W. Miller*
　　　　　　　　　　　　　　　　　　　　　　 Keith W. Miller

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(c), LBRY sought the Commission's concurrence before filing this motion.  The Commission declined to assent to the relief sought.

Dated:  May 10, 2022 　　　　　　　　　　 */s/ Keith W. Miller*
　　　　　　　　　　　　　　　　　　　　　　 Keith W. Miller