## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |  |
| Plaintiff, | ) |  |
| v. | ) | Civil Action No. 21-cv-00260 |
| LBRY, INC., | ) |  |
| Defendant. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF ASSENTED-TO MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF NAOMI BROCKWELL

/s/ William S. Gannon
William S. Gannon  BNH 892
740 Chestnut Street
Manchester, New Hampshire 03104
**bgannon@gannonlawfirm.com**
**Phone:** 603-621-0833
**Fax:** 603-621-0830

Attorney for Amicus Curiae
NAOMI BROCKWELL

Naomi Brockwell respectfully submits this memorandum of law in support of her motion for leave to file a brief as amicus curiae in the above-captioned matter, as it relates to LBRY's Motion to Limit the Commission's Remedies (Doc. No. 89). A copy of Naomi Brockwell's proposed Amicus Brief is attached as **Exhibit A.** The parties have no objection to Naomi Brockwell's motion. The SEC has requested seven days to respond. Subject to the approval of this court, Mrs. Brockwell has agreed to that request.

## ARGUMENT

"District courts have broad discretion in deciding whether to accept amicus briefs." *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (citation omitted); *Auto. Club of N.Y., Inc. v. Port Auth.*, No. 11 Civ. 6746 (RJH), 2011 U.S. Dist. LEXIS 135391, at *5 (S.D.N.Y. Nov. 23, 2011); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008); *see also Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013) (noting that non-parties have the option to file amicus briefs in district court proceedings and that such amicus "often make useful contributions to litigation"). In district courts, as opposed to the circuit courts of appeal, "[t]here is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief[.]" *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Civ. 9848, 2022 WL 2829691, at *1 (S.D.N.Y. Apr. 27, 2022) (quoting *Onandaga Indian Nation v. State of New York*, No. 97 Civ. 445, 1997 WL 369389, at *2 (N.D.N.Y. June 25, 1997)) (internal citations omitted). Courts will freely permit the filing of amicus briefs when they would be helpful to the court's decision-making. "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected **with the interest of the general public**." *Russell v. Bd. of Plumbing Examiners,* 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) (emphasis added); *see also Andersen v. Leavitt*, No. 3-cv-6115-DRH-ARL, 2007 U.S. Dist. LEXIS 59108,

\*7 (E.D.N.Y. Aug. 13, 2007) ("The court is most likely to grant leave to appear as an amicus curiae in cases involving matters of the public interest."). An amicus brief should normally be allowed if the amicus has a unique perspective that can help the court. *See Automobile Club N.Y. Inc. v. Port Authority of N.Y. & N.J.*, No. 11- cv-6746-RJH, 2011 U.S. Distr. LEXIS 135391 \*2 (S.D.N.Y. Nov. 22, 2011) (internal quotations omitted). Finally, "[a]lthough the court should consider the partiality of a would-be amicus, there is no rule that amici must be totally disinterested." *Auto. Club of N.Y.*, 2011 U.S. Dist. LEXIS 135391, at \*6-7 (citations and quotation marks omitted).

No Federal Rule of Civil Procedure applies to motions for leave to appear as amicus curiae filed in district courts, so district courts often look for guidance from Fed. R. App. P. 29, which applies to amicus briefs in federal appellate cases. *See, e.g., Am. Humanist Ass'n v. Maryland Nat'l Capital Park & Planning Comm'n*, 147 F. Supp. 3d 373, 389 (D. Md. 2015). Rule 29 provides that prospective amici must file along with the proposed brief, a motion that states "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

I.   **INTERESTS OF *AMICUS CURIAE***

Naomi Brockwell ("Brockwell") is a journalist, film and television producer and creator of *NBTV*, a channel that produces video content available on Odysee and YouTube. *NBTV* is focused on blockchain and cryptocurrency, digital privacy, technology and scientific innovation. In addition to publishing video content, *NBTV* produces a monthly newsletter concerning the latest news in cryptocurrency, called *CryptoBeat*. Brockwell is not a crypto trader and does not make videos about crypto trading. She uses her platform to educate people on blockchain technology and help her viewers become more self-sovereign individuals.

As the Court is aware, Brockwell supplied a Declaration, dated April 28, 2022, which was offered in support of LBRY's Motion for Summary Judgment. *See* Doc. No. 61-1. In fact, Brockwell's business and overall interests in this case were highlighted, on the record, during oral argument, at the July 20, 2022 hearing. *See Hr.'g Tr.* 30:8-16 (Jul. 20, 2022). In her April 28, 2022 Declaration, Brockwell affirmed that she had earned over 261,500 LBC. She earned the LBC through user tips, purchases by viewers, and user rewards. As stated in her April 28, 2022 Declaration, she has never cashed out any of her LBC because it is far more valuable to her to keep the LBC attached to her channel because "staking" helps her videos get viewed by a larger number of people. To this day, ***Brockwell has never purchased or sold a single LBC***. *See Supplemental Declaration of Naomi Brockwell,* dated December 14, 2022, attached hereto as **Exhibit B**.

Naomi Brockwell uses the LBRY platform every day. **Exhibit B**, *Supplemental Declaration of Naomi Brockwell*. As a content creator, it is a great place for her to build an audience and feel comfortable that her channel is not going to be taken away from her. *Id.* During the last five years, Brockwell has accumulated all of the LBC tokens that she owns through her channel. *Id.* It is important to note, Brockwell was not even aware that the LBC tokens she had been accumulating, through the use and application of her channel, had a monetary value associated with them, until a few years ago. *Id*. Also significant, *Brockwell has never sold or bought any LBC tokens*. *Id*. She uses the tokens on a daily basis in the ordinary course of her business to post content, to give her content more visibility, and to access certain videos. *Id.*

On November 7, 2022, this Honorable Court entered a Memorandum and Order (Doc. No. 86) granting the SEC's Motion for Summary Judgment (Doc. No. 55) and denying LBRY's

Motion for Summary Judgment (Doc. No. 61). This Honorable Court's Memorandum and Order (Doc. No. 86) does not reference, in any manner, secondary market purchases or acquisitions of LBC. Nor does the Court's Order address LBC token holders, such as Brockwell, who acquired LBC for non-investment reasons. This Court has already determined that it is indisputable that individuals, like Naomi Brockwell, acquired LBC for consumptive use only. *See Hr.'g Tr.* 30:18-20 (Jul. 20, 2022) ("I think this record does contain evidence that there are consumptive uses for LBC. I think that's undeniable.") (Barbadoro, J.).

On November 21, 2022, this Court held a status conference between the parties. *See* Doc. No. 89-1 at 2. LBRY has offered to divest itself of its remaining pre-mined tokens thus, "secondary token holders will no longer have any reasonable expectation of profit based on the entrepreneurial or managerial efforts of LBRY." *Id.* Any LBC tokens within the secondary market that holders, like Naomi Brockwell, are using for the type of consumptive purposes articulated by Brockwell - would not constitute a security. The SEC, however, either disagrees or prefers regulatory uncertainty regarding secondary market transactions. According to LBRY's recent motion, at the November 21, 2022 status conference, this Honorable Court recognized this very issue and "urged the Commission to work with LBRY to resolve this litigation, **including by providing clarity to secondary LBC holders** (noting LBRY's offer to divest itself of its remaining LBC)." Doc. No. 89-1 at 3-4 (emphasis added). According to LBRY, it "provided the Commission with a settlement proposal consistent with the framework laid out by the Court." *Id*. at 4. After the parties were unable to reach a resolution consistent with this Court's direction (including clarity regarding secondary market sales), LBRY filed a Motion to Limit the Commission's Remedies. Doc. No. 89-1.

Clearly, Naomi Brockwell, as well as hundreds of thousands of other users, have significant interests as secondary market token holders – people who have not transacted with, or acquired LBC from LBRY or its executives for investment purposes and do not view LBC as an investment. Today, LBC holders, like Brockwell, arguably, have a greater interest moving forward than even LBRY itself. Unfortunately, LBRY has indicated that it will be dissolving the corporate entity because its liabilities far exceed its assets. *See* Doc. No. 89-1 at 6. This Court has recognized that LBRY "could go out of business today and the LBRY blockchain would continue in perpetuity just like the Bitcoin blockchain." *Hr.'g Tr.* 40:9-11 (Jul. 20, 2022) (Barbadoro, J.).

## II.  THE MATTERS ASSERTED IN THE *AMICUS* BRIEF ARE USEFUL AND RELEVANT TO THE COURT'S REVIEW

At the November 21, 2022 status conference, this Court expressed a definitive interest in facilitating a resolution of the remaining issues in this case (civil remedies) and where the SEC would issue clarity regarding secondary sales. Doc. No. 89-1 at 3-4.  Specifically, this Honorable Court expressed a desire for a resolution that would allow LBC holders, like Naomi Brockwell, who believe in the LBRY Blockchain for something other than investment, to continue freely operating within the ecosystem. Simply stated, there are many holders of LBC that want to use LBC on the LBRY blockchain and should be able to do so without confusion over whether those secondary sales are restricted. Despite this Court's recommendation, it appears that the SEC is unwilling or unable to provide clarity regarding secondary market transactions. Therefore, this Court will benefit from amicus curiae "to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners,* 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999). recommendation

Naomi Brockwell never purchased an LBC token, nor has she ever sold one. *See* **Exhibit B**, *Supplemental Declaration of Naomi Brockwell.* The fact that the Court decided that LBRY offered and sold unregistered securities in the form of LBC tokens, does not mean that Naomi Brockwell is holding unregistered securities. Since Brockwell did not purchase LBC tokens and was completely unaware that the tokens carried a monetary value until a couple of years ago, even the SEC must concede that the first prong of the *Howey* test is not satisfied. Any suggestion otherwise would make Brockwell's lawfully and hard-earned tokens potentially worthless and unusable. The SEC made its point by bringing this enforcement action against LBRY and securing a win at summary judgment. That ruling being stretched to reach secondary market sales by acquirers with no investment intent would mean that people, like Naomi Brockwell, who acquired a non-financial asset would be deemed to have entered into a common enterprise with an entity (LBRY) that they may not be aware exists.

Naomi Brockwell respectfully requests the Court to grant leave to file an amicus curiae brief in this case. Brockwell represents a unique perspective not represented by the parties in this case. Therefore, Brockwell believes her amicus curiae brief can be of assistance to the Court. Finally, it is not hyperbole to suggest that an attempt to apply this Court decision regarding LBRY's offer and sale of securities to sales in the secondary market, independent of LBRY, could have an extremely adverse effect not only on LBC token holders but the entire blockchain industry.

## **CONCLUSION**

For the foregoing reasons, Naomi Brockwell respectfully requests that this Court grant its assented-to motion for leave to file the amicus brief attached as **Exhibit A.**