UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>LBRY, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 21-cv-00260-PB<br>)<br>)<br>)<br>)<br>)<br>) |

**COMMISSION'S SUPPLEMENTAL BRIEF ON REMEDIES**

  Plaintiff Securities and Exchange Commission submits its Supplemental Brief on Remedies, pursuant to the Court's February 6, 2023 Order (ECF No. 104). This Supplemental Brief amends the relief requested in the Commission's Opposition to LBRY's Motion to Limit the Commission's Remedies (ECF No. 94). Attached is a proposed final judgment. The Commission asks the Court to order these remedies against the Defendant:

1. A civil penalty of $111,614;

2. An injunction restraining LBRY from violating Section 5 of the Securities Act of 1933 ("Securities Act") and from conducting unregistered offerings of crypto asset securities, at least until the Defendant destroys its LBC holdings and dissolves, as it stated to the Court it will do.

The Commission also withdraws its prior request for disgorgement for the reasons stated below.

**I. The Court should enjoin LBRY**

  The need to enjoin LBRY, and the legal argument justifying doing so, is detailed in the Commission's December 19, 2022 brief (ECF No. 94, pp. 2-7). In sum:

1. LBRY's conduct was recurrent – its illegal unregistered offering was a continuous effort conducted over more than five years and continued well after this case was filed;
2. LBRY's conduct was egregious – its violation included offers and sales specifically intended to effect or alter the trading markets for LBC;
3. LBRY has not recognized that its conduct was unlawful;
4. LBRY remains in a position to violate Section 5 today – it has thus far retained its LBC and can offer and sell unregistered crypto asset securities, either itself or through its wholly owned subsidiary, Odysee.

The same facts remain true today.  LBRY satisfies the factors for injunctive relief and there is a reasonable likelihood it will violate Section 5 again.  For the same reasons, the Court should enjoin LBRY from conducting future unregistered offerings of crypto asset securities.

LBRY argues that it should not be enjoined, as it is shutting down operations and "burning" (destroying or rendering useless) its current LBC holdings.  *See* ECF No. 89-1, p. 7 (LBRY, Inc.'s Memo. of Law in Support of its Motion to Limit the Commission's Remedies, stating in December 2022, "LBRY plans to dissolve as soon as possible" and "LBRY is willing to divest itself of all its remaining tokens").  But LBRY has not taken either of these actions yet.

Therefore, LBRY should be enjoined, at least until LBRY dissolves and burns its LBC.  The alternative approach—not enjoining LBRY unless it fails to dissolve and burn its tokens—leaves this Court and the Commission in the difficult-to-manage position of having to monitor LBRY's activities, and requires a then-dissolved LBRY to prove to the Court it has destroyed its LBC holdings and that it no longer exists.  *Cf. SEC v. Culpepper*, 270 F.2d 241, 250 (1st Cir. 1959) (affirming injunction where defendants' sales of securities was difficult to police).  In addition, the time before LBRY dissolves may prove to be the time of greatest risk of further violation—a cash-strapped defendant who knows that it will cease to exist as a legal entity may have a sense of impunity and be more likely to violate the securities laws during that time.

Efficiency and efficacy both point to enjoining LBRY now, with a provision, if necessary, that lifts the injunction after LBRY dissolves and burns its LBC.

## II.   The Court Should Impose a Penalty of $111,614

Companies should not be permitted to profit from their breaches of the securities laws. LBRY has.  The penalty set by this Court should ensure that LBRY and other potential Section 5 violators cannot expect an "efficient breach" through an unregistered securities offering.  Even so, the Commission acknowledges LBRY's representations that it is defunct, ceasing operations, and without the funds to pay a larger fine, and recognizes that a defendant's ability to pay is a factor when imposing a civil penalty.

As the Commission has previously argued (ECF No. 94, pp. 12-15), LBRY is eligible for a second- or third-tier penalty under Section 20(d) of the Securities Act (15 U.S.C. § 77t(d)(2)) because it acted in reckless disregard of a regulatory requirement and continued to offer and sell LBC for at least ten months after this case was filed (*see* Kauffman Decl., ECF 100-2, ¶5, admitting LBRY continued to sell LBC through January 2022).  That said, because of the need to balance the deterrence from a penalty with LBRY's inability to pay, the Commission requests a penalty at the upper limit of a Tier 1 statutory penalty.[1]  The Commission thus asks the Court to impose a penalty of $111,614.

## III.   The Commission Withdraws Its Request for Disgorgement

Notwithstanding the availability of disgorgement as a remedy in this case, the Commission, considering the information and sworn testimony received during the supplemental

---

[1] *See* 15 U.S.C. § 77t(d)(2)(a), adjusted for inflation, per the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (Sec. 701 of Pub. L. 114-74); Release Nos. 33-11143; 34-96605; IA-6212; IC-24797 (setting penalties for offenses after November 2, 2015).

discovery period, withdraws its request for disgorgement because of LBRY's (including its wholly owned subsidiary's) lack of funds and near-defunct status.

## CONCLUSION

For these reasons, and those stated in the its prior remedies brief, the Commission asks the Court to order a civil penalty of $111,614 and enjoin LBRY from violating Section 5 of the Securities Act and from conducting unregistered offerings of crypto asset securities, at least until LBRY destroys its holdings of LBC and dissolves, as it stated to the Court it will do.

Dated:  May 12, 2023

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its Attorneys,

*/s/ Marc Jones*
Marc Jones (Mass Bar No. 645910)
Peter Bryan Moores (Mass Bar No. 658033)
Amy Harman Burkart (Mass. Bar No. 651828)
Boston Regional Office
33 Arch Street
Boston, MA  02110
(617) 573-8947 (Jones direct)
jonesmarc@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on May 12, 2023, I caused true and correct copies of the foregoing to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

*/s/ Marc Jones*
Marc Jones