UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
--------------------------------------  X
SECURITIES AND EXCHANGE                 :
COMMISSION,
                                        :
            Plaintiff,
                                        :   Civil Action No. 1:21-cv-00260-PB
    -against-
                                        :
LBRY, INC.,
                                        :
            Defendant.
                                        :
--------------------------------------  X
```

**LBRY, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
MOTION TO LIMIT THE COMMISSION'S REMEDIES**

LBRY, Inc. ("LBRY") submits this Supplemental Brief in support of its Motion to Limit

the Commission's Remedies.  LBRY has been trying to resolve the Commission's investigation

and this subsequent litigation for years.[1]  LBRY's focus has always been to seek clarity around the

**use** of LBRY tokens ("LBC") — including clarity that LBC is not a security in and of itself.

However, the Commission refuses to provide such clarity and now seeks a broad-based injunction

that is neither specific nor clear.  Since the Commission has requested injunctive relief specifically

against Odysee, the scope of the Commission's injunctive relief is squarely before the Court.  As

such, LBRY respectfully requests that the Court provide the clarity that is so desperately needed.

Despite driving LBRY into insolvency, the Commission seeks a broadly worded

injunction.  The Commission's proposed final judgment (ECF No. 107-01, the "Commission's

---

[1] Tellingly, after spending millions of dollars litigating this case, the Commission finally concedes that its request for $22 million in disgorgement was ill-conceived, as there was no evidence that LBRY illegitimately used any money from the sale of LBC.  (*See* Commission's Supplemental Brief on Remedies ("SEC Supp. Br.") ECF No. 107 (pp. 3-4)).

Proposed Final Judgment") is overly general and ambiguous and further demonstrates the Commission's overreach: not only would the Commission's Proposed Final Judgment restrain LBRY, but the use of vague language affects the public interest (*i.e.*, holders of LBC tokens and Odysee's use of LBC).   Only a clear and unambiguous final judgment will finally provide clarity as to how LBC tokens can be used.  This is critical to ensure that the Commission's requested relief is appropriately targeted and not imposed to harm public holders of LBC.

I.      **The Commission Lacks Authority to Regulate Digital Assets or to Impose Relief.**

The "major questions doctrine" forecloses the Commission's efforts to regulate digital assets, including LBC, and impose injunctive and monetary relief without specific Congressional authorization.  Courts consistently presume that "Congress intends to make major policy decisions itself, not leave those decisions to agencies." *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022) (internal quotations omitted).  The Supreme Court has explained that an agency's assertion of "unheralded regulatory power over a significant portion of American economy" presents a major question. *Id.* at 2608.  In other words, a clear statement from Congress is necessary to authorize an agency to exercise powers of vast economic and political significance. *See also, Nat't Fed'n Indep. Bus. (NFIB) v. Dept't of Labor*, OSHA, 142 S. Ct. 661 (2022).  There is no doubt that an assertion that all digital assets other than Bitcoin are unregistered "securities" is an obvious declaration of regulatory authority over a "significant portion of the American economy." *See* Prepared Remarks of Gary Gensler on Crypto Markets, Penn Law Capital Markets Association Annual Conference;  https://www.sec.gov/news/speech/gensler-remarks-crypto-markets-040422. Moreover, Congress has been actively debating the regulatory approach to digital assets and the proper regulatory sphere for digital assets for several years.[2]  Until Congress develops a regulatory

---

[2] Financial Services GOP (@Financial Services GOP), Twitter (Mar. 28, 2023), https://twitter.com/FinancialCmte/status/1640816951843774466?cxt=HHwWhICzweCUrcUtAAAA (interview

regime for the digital asset industry, which could include other agency regulation, like the CFTC

or a newly Congressionally designated agency, LBRY believes that the Commission lacks

jurisdiction.  Simply put, although the Commission may have the specific authority to regulate and

enforce the federal securities laws, it does not have the authority to independently shoehorn the

1940 *Howey* definition of an "investment contract" onto digital assets.[3]

II.   **If the Court Determines that the Commission has Clear Congressional Authority to Regulate the Digital Asset Industry, Then the Court Should Specifically Describe the Scope of the Injunction to Ensure that Odysee and Other LBC Users Are Not Harmed.**

It is black-letter law that the language of an injunction be clear and unambiguous on its

face, and that a final judgment must clearly state what relief was awarded.  Fed. R. Civ. P. 65(d)

("[e]very order granting an injunction . . . must . . . state its terms **specifically**") (emphasis added);

*See SEC v. Acosta,* No. 21-1435 (SCC), 2021 WL 5631726, at *2 (D.P.R. Dec. 1, 2021) ("Rule

65(d)(1) requires us to: (1) 'state [our] reasons' for it, (2) 'state its terms specifically,' and (3)

'describe in reasonable detail' the enjoined acts.") (internal quotations omitted); *see also*, *SEC v.

Jones*, 300 F. Supp. 3d 312 (D. Mass. 2018) (holding that an "obey-the-law" Section 5 injunction

did not comport with Rule 65 specificity requirements); *S.C. Johnson & Son, Inc. v. Clorox Co.*,

241 F.3d 232 (2d Cir. 2001) ("This rule against broad, vague injunctions 'is designed to prevent

---

of Rep. Patrick McHenry announcing April 18, 2023 House Financial Services Committee oversight
hearing); *see also, e.g.*, Rep. Ben Cline, Budget Hearing - Fiscal Year 2024 Request for the CFTC Before
the House Comm. on Agric., Rural Dev., Food and Drug Admin. & Related Agencies (Mar. 28, 2023)
https://www.congress.gov/event/118th-congress/house-event/115587 (noting SEC and CFTC's conflicting positions
on digital assets and recommending that "legislation to address th[is] issue should place regulatory authority with
the CFTC"); Digital Commodities Consumer
Protection Act, S. 4760, 117th Cong. (2021-2022); Lummis-Gillibrand Responsible Financial Innovation
Act, S. 4356, 117th Cong. (2021-2022).

[3] *See* J.W. Verret, Crypto Is 'Major Question' Only Appellate Courts Can Answer, Law360, (March 6, 2023),
https://www.law360.com/articles/1582430/crypto-is-major-question-only-appellate-courts-can-answer

uncertainty and confusion on the part of those to whom the injunction is directed,' and to be sure 'that the appellate court knows precisely what it is reviewing.'") (internal citations omitted).

Here, the Commission proposes a final judgment that would leave open the question of the scope of entities and individuals subject to the injunction.  The Commission's Proposed Final Judgment thus lacks the clarity required of an enforceable final judgment.  The Commission's overly broad language leaves unresolved the crucial question — which the Commission put directly at issue — of whether LBRY's wholly-owned subsidiary, Odysee, or any other user of LBRY tokens, would be subject to the injunction.

To the extent this Court were to issue an injunction, the language of the Final Judgment must make clear that: (i) only LBRY violated Section 5 by offering and selling pre-mined LBC, and that LBC tokens are not in and of themselves a security; and (ii) nothing in the injunction prohibits Odysee or other users from using or purchasing LBC.

A.    The Commission's Proposed Final Judgment Creates Greater Uncertainty as to Whether Odysee or Other LBC Users are Subject to the Injunction.

At the February 6, 2023, hearing, this Court emphasized that the final judgment must be clear as to whether it would apply to Odysee: "I mean, the idea that I would issue an injunction that Odysee would have no idea whether it extended to them or not is not something I'm going to do."  2/6/23 Hr'g Tr. 29:19-22.[4]  Despite this admonition, the Commission failed to make clear whether the Commission's Proposed Final Judgment would apply to Odysee.

Not only did the Commission ignore this Court's request for clarity regarding Odysee, but the Commission failed to address Odysee after putting Odysee at issue in the first place. The Commission originally raised the issue of injunctive relief against Odysee in its original

---

[4] The Court also explicitly stated: "I'm going to take up the issue of whether the injunction should extend to Odysee." *Id.* 29:6-8.

Opposition Brief, mentioning Odysee 27 times and repeatedly referring to Odysee as LBRY's agent, contending that Odysee would be subject to any injunction issued against LBRY due to its purported role as LBRY's agent. *See, e.g.*, Opp. Br. at 5 ("At minimum, Odysee is either a part of LBRY or its agent…."); at 6 ("For however long, LBRY, including its agent Odysee. . . ."). In response, LBRY made clear that Odysee is a distinct legal entity with separate operations, and thus is not LBRY's agent. Reply at 1-3, n.1. After conducting additional discovery, the Commission still seems determined to preserve expanding the scope of this litigation. The question of whether the Court should restrain Odysee was a key issue at the January 30, 2023, hearing, where this Court advised the Commission that, "to the extent you want to contend an entity that hasn't been named in this action is an agent and should be subject to injunction, that is problematic with me." 1/30/23 Hr'g Tr. 9:24-10:1. Despite the Court's request for clarity as to whether the Commission sought to restrain Odysee, the Commission opted to sow further confusion by completely ignoring Odysee in its Supplemental Brief and in the Commission's Proposed Final Judgment.

Though the Commission is content to perpetuate uncertainty, LBRY submits that it is critical that the final judgment clearly state that (i) LBC is not a security in and of itself, and (ii) Odysee and LBC users are not subject to any permanent injunction that the Court may order.

**B.      The Final Judgment Must Make Clear that Consumptive Sales of LBC by Odysee or Users Are Not Prohibited.**

Any final judgment issued by the Court in this matter must not only clearly state what is prohibited, but also what is not prohibited. LBRY has submitted LBRY's Proposed Final Judgment, which makes clear prohibited and non-prohibited conduct.

This approach is consistent with the Court's narrow summary judgment ruling. The Court issued a narrow ruling that specified that "LBRY offered LBC as a security," and emphasized that "the only issues raised" on summary judgment were "whether LBRY offered LBC as a security

and whether LBRY received fair notice that it needed to register its offerings." *Sec. & Exch. Comm'n v. LBRY, Inc.*, No. 21-CV-260-PB, 2022 WL 16744741, at *8 (D.N.H. Nov. 7, 2022).  On its face, the ruling applied only to LBRY, not to Odysee, LBC users, or other third parties. However, as evidenced at the February 6, 2023, hearing, such confusion abounds.

### CONCLUSION

For the foregoing reasons, and for the reasons set forth in its Opening Brief and Reply, Defendant LBRY respectfully requests that this Court find that the Commission has improperly exceeded its congressional authority and therefore lacks standing by attempting to regulate the digital assets industry.  In addition, LBRY respectfully requests that the Court approve LBRY's Proposed Final Judgment.

Dated: May 26, 2023

Respectfully submitted,

LBRY, INC.

*/s/  Timothy J. McLaughlin*  (NH Bar # 19570)
William E. Christie
Timothy J. McLaughlin
Shaheen & Gordon, P.A.
107 Storrs Street
P.O. Box 2703
Concord, NH 03302
(603) 819-4231
wchristie@shaheengordon.com
tmclaughlin@shaheengordon.com


*/s/  Keith W. Miller*
Keith W. Miller (*pro hac vice*)
Rachel S. Mechanic (*pro hac vice*)
Emily C. C. Drinkwater (*pro hac vice*)
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
(212) 262-6900
KeithMiller@perkinscoie.com
Rmechanic@perkinscoie.com
Edrinkwater@perkinscoie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 26, 2023

*/s/ Keith W. Miller*
Keith W. Miller